## SUPREME COURT.

### WILLIAM ALLGRO agt. WILLIAM E. DUNCAN.

Where, in an action upon a *promissory note*, the defendant interposes the defence and proves *infancy*, when the note was given, the jury should be *directed* to find a verdict for the defendant, although some facts may have come out'on the trial tending to show that the defendant had been doing business for himself, and representing himself as of full age:

And where, in such case, the judge omitted to give such direction to the jury, but gave them particular instructions as to the law of the case, and they found a verdict for the *plaintiff*,

*Held,* that the verdict should be set aside on a motion made upon the minutes of the judge, under § 264 of the Code, if the awkward phraseology of that section could be applied to the case.

It must be assumed that a motion to set aside a verdict, and for a new trial " upon insufficient evidence," under § 264, means a motion for a new trial on the ground that the *verdict is against evidence*, as was the clear and plain language under the old practice.

A safe rule in such cases is, to apply the former practice, and interpret the obscurities and deficiencies of the Code by its light.

*Kings Circuit and Special Term, November,* 1862.

P. S. CROOKE, *for plaintiff.*
GEO. THOMPSON, *for defendant.*

EMOTT, Justice.   This suit was upon a promissory note ; the defence was infancy.   The plaintiff proved the note, and rested ; and the defendant proved, by his own testimony and that of another witness, that he was an infant when the note was made.   Upon the cross-examination some facts came out tending to show that the defendant had been doing business for himself, and in certain particulars holding himself out, or allowing himself to be, considered of full age.   This was all the evidence.   When it closed, the defendant's counsel did not ask me to direct a verdict, as he might have done, since there was really nothing in the case for a jury.   In the absence of any such request from counsel, I unwisely allowed the case to go to the jury, giving them very careful instructions.   The result showed that I relied too much upon their intelligence or their firmness.   They found a verdict for the plaintiff.   If this verdict went upon the question of infancy, it was plainly contrary to the evidence ; and if it went upon any notion of an estoppel against the defence of infancy, it was as plainly contrary to law.   Either way it must be set aside, and the only question is, how or when.

The present motion is made upon the minutes of the judge, under section 264 of the Code.   The phraseology which has been used by the codifiers gives rise to the only question in this, as it does in so many other cases.   Section 264 allows a motion for a new trial upon the minutes, " upon exceptions, or for insufficient evidence, or for excessive damages."   Before the Code, we had new trials granted when verdicts were contrary to the evidence, and when they were contrary to law.   These expressions were sufficiently plain in themselves, or if there was any obscurity

in the words, their meaning had been made entirely certain in the practice of the courts and the course of decisions. It seems, however, to have been a part of the scheme of codification not to continue the use of any term or phrase which had acquired a technical or precise meaning in the existing practice, but to introduce not only a new practice, but a new nomenclature, which, if it were much better than it is, would need time, controversy and decisions to define it. Instead of a motion to set aside a verdict as being contrary to evidence, we are introduced to a motion " to set aside a verdict and grant a new trial for insufficient evidence." What this awkward phrase means, may require judicial construction to determine. The astute counsel for the plaintiff in the present case, contends that a motion to set aside a verdict " for insufficient evidence," can only be entertained where the party succeeding had no sufficient evidence in his own behalf, and cannot be made where the jury have disregarded sufficient evidence offered by the defeated party to sustain an affirmative cause of action or defence. Thus, here the plaintiff's evidence consisted simply of the production and proof of his note, and was sufficient, standing by itself, to make out his case. The defendant put in the evidence of infancy. His evidence was also sufficient to establish his defence, and there was nothing to contradict it. If it had failed to make out the fact of infancy, and the jury had nevertheless given a verdict for the defendant, the argument of the counsel is, that a case would be presented for a motion like the present, but that a verdict against all the evidence, and founded upon no evidence, is not a verdict upon insufficient evidence. The argument is ingenious, but not sound. Perhaps if we were in the unhappy condition of the rising generation of lawyers, knowing nothing of practice but the Code, we might be embarrassed with the decision of this and similar questions. But a safe rule in such cases is, to

apply the former practice, and interpret the obscurities and deficiencies of the Code by its light.

I shall therefore assume that a motion to set aside a verdict, and for a new trial, "upon insufficient evidence," means a motion for a new trial on the ground that the verdict is against the evidence. That I take to be the case. I am not required to assume that the jury found the fact of infancy in favor of the defendant, and then proceeded to a verdict against him upon some supposed legal ground of estoppel. There being no legal foundation or appearance of estoppel in the case, I shall not imagine any, but shall treat the verdict of the jury as given upon the question of infancy, and against the evidence on that issue.

It must therefore be set aside; but as the verdict and this motion would have been prevented by a proper application at the trial, to direct a verdict, the defendant ought not, in any event, to recover the costs of the late trial or of the motion.

The verdict is set aside and a new trial ordered, but the costs of the trial and of this motion are allowed to the plaintiff, to be costs of the cause, and to be recovered by him if he shall finally succeed; or if he is ultimately defeated, to be set off against the defendant's costs.