[No. 1272.]

## MOYLE v. HOCKING, ADMINISTRATRIX.

1. PRACTICE—APPEAL—REVIEW OF FINDINGS.

The rule that where the evidence is conflicting, appellate courts will not disturb the verdict of a jury, or findings of fact by the trial court, if sufficient evidence appears to sustain such verdict or findings, is not applicable where there is no conflict in the evidence.

2. PRACTICE—EVIDENCE.

In an action for services, the employment at a stipulated rate of wages and the rendition of the services having been shown, a *prima facie* case was made in favor of plaintiff.

3. SAME.

In a case where only one witness testified and there was nothing to impeach or weaken his testimony, the trial court was not at liberty to disregard the testimony of such witness.

*Error to the County Court of Gilpin County.*

Mr. W. C. FULLERTON, for plaintiff in error.

M. J. McD. LIVESAY, for defendant in error.

WILSON, J., delivered the opinion of the court.

This suit was originally begun before a justice of the peace, hence there are no written pleadings. As we gather from the record, the action was to recover a sum alleged to be due to plaintiff for wages earned by him as a miner while in the employ of Alfred Hocking. The justice rendered judgment in favor of defendant. An appeal was taken to the county court. While suit was there pending, the defendant died, and his administratrix was substituted as a party. Trial to the court was had, and judgment was again rendered for defendant. The principal error assigned is that the finding and judgment were not supported by the evidence. On the trial, only one witness was produced. He testified that he was present when the defendant Hocking employed the plain-

tiff, heard him agree to pay plaintiff $2.50 per day for his work, and knew that the plaintiff worked thirty-four days. There was no evidence whatever offered on behalf of defendant. In support of the judgment, defendant relies wholly upon the rule repeatedly announced and sustained by this court, that where the evidence is conflicting, appellate courts will not disturb the verdict of the jury, or findings of fact by the trial court, unless manifestly against the evidence. If sufficient evidence appears to sustain such finding or verdict, it will be conclusively presumed that it was sustained by the weight of the evidence. This rule is well settled, but it is not applicable to the case at bar. Here there was no conflict at all in the evidence; all of it was in favor of plaintiff, and there is none whatever to support the judgment. The employment at a stipulated rate of wages and the rendition of the services having been shown, a *prima facie* case was made in favor of plaintiff. The burden was then upon defendant to show payment, or anything else which might go towards the reduction or extinguishment of the claim. This was not even attempted. *D. & R. G. R. R. Co. v. Wilson*, 4 Colo. App. 356. There was nothing which tended to overcome or weaken the force of the unimpeached testimony of the one witness, as to the contract of employment and performance of the labor, and the trial court was not at liberty to disregard it. *Hunt & Co. v. Colorado Milling and Elevator Co.*, 1 Colo. App. 124.

Some weight is usually to be given to the same result of two trials, but it can have no effect in a case like the one at bar, where there is a total absence of evidence to support the judgment.

For this reason, the judgment is reversed, and the cause remanded for a new trial.

*Reversed.*