FLAHERTY, RESPONDENT, *v.* BUTTE ELECTRIC RY. CO. ET AL., APPELLANTS.

(No. 2,868.)

(Submitted September 15, 1910.   Decided October 15, 1910.)

[111 Pac. 348.]

*Parent and Child—Personal Injuries—Loss of Services—New Trial—Insufficiency of Evidence—Supreme Court—Former Decision—Res Judicata.*

Appeal—Former Decision—*Res Judicata*—Pleadings and Proof—Variance —Amendment.

1. *Held*—on appeal from an order granting a new trial to a parent in an action seeking damages for the loss of his child's services, on a complaint and evidence substantially the same as the pleading and proof of the infant in a prior action against the same defendant, a judgment in which prior cause had been reversed on account of variance amounting to a failure of proof—that the former decision of the supreme court was not conclusive of the father's right to recover, since such a holding would preclude the plaintiff from exercising his privilege of amending his complaint to meet his proof.

Verdict—Evidence—Sufficiency.

2. In civil actions, where the evidence is conflicting, a preponderance of the evidence is the least that will support a verdict. (Revised Codes, sec. 8028.)

Same.

3. Where, in civil actions, the evidence is not conflicting, the verdict must be in favor of the party who has the affirmative of an issue and who has produced the uncontradicted evidence in support of it.

Same—Insufficiency of Evidence—New Trial—When Proper.

4. One who has recovered a verdict in his favor in a sum less than he deems himself entitled to under the evidence, may, under subdivision 6, section 6794, Revised Codes, ask for a new trial on the ground of insufficiency of the evidence to sustain the verdict.

Personal Injuries—Parent and Child—Loss of Services—Measure of Damages—Discretion of Jury.

5. In an action by a parent to recover for the loss of services of his minor child occasioned by personal injuries, it being practically impossible to determine with any degree of certainty the earning capacity of a infant during minority, much must be left to the enlightened consciences of the jurors in this regard, aided by the circumstances of each particular case.

*Appeal from District Court, Silver Bow County; Jeremiah J. Lynch, Judge.*

ACTION by Richard M. Flaherty against the Butte Electric Railway Company and another. From an order granting plaintiff's motion for a new trial, after verdict for him, defendants appeal. Affirmed.

*Mr. W. M. Bickford, Mr. George F. Shelton, Mr. Peter Breen,* and *Mr. Charles A. Ruggles,* submitted a brief in behalf of Appellants. *Mr. Ruggles* argued the cause orally.

There is no warrant in the statutes of Montana for granting a new trial on the motion of a plaintiff in whose favor verdict and judgment have been entered, on the ground that the damages are inadequate. Our supreme court has held that the granting of a new trial must be based upon one of the statutory grounds; otherwise it is not warranted in law. (*Porter* v. *Industrial P. Co.,* 26 Mont. 170, 66 Pac. 839, 67 Pac. 67; *Ogle* v. *Potter,* 24 Mont. 504, 62 Pac. 920.) Assignments as ground for a new trial that the decision of the court in fixing the amount of damages is too small and that the court abused its discretion in its decision in this, to-wit, in making the amount of recovery assessed too small, must be disregarded. (*State* v. *Richeson,* 36 Ind. App. 373, 75 N. E. 846.) In an action for injuries for a tort, inadequacy of damages alone is not sufficient to

warrant a new trial. (*Edwards* v. *Missouri Ry. Co.*, 82 Mo App. 478.) It is not error to deny a motion for a new trial on the ground that the damages awarded are inadequate, where the court is of the opinion that plaintiff is not entitled to recover on the evidence. (*Blazosseck* v. *Remington & Sherman Co.*, 141 Fed. 1022; *Young* v. *Great Northern Ry. Co.*, 80 Minn. 123, 83 N. W. 32.)

A father who knowingly permits his child, less than four years old, to run at large and without any protector in a large city, traversed constantly by cars and other vehicles, fails in the performance of his duty and is guilty of negligence. He therefore cannot recover damages for a loss of the child's services from an injury received by being knocked down by a street-car. (*Glassey* v. *Hestonville, M. & F. Pass. Ry. Co.*, 57 Pa. (7 P. F. Smith) 172; *Pennsylvania Co.* v. *James*, 81 Pa. (32 P. F. Smith) 194; *Smith* v. *Hestonville, M. & F. Pass. Ry. Co.*, 92 Pa. 450, 37 Am. Rep. 705; *Bamberger* v. *Citizens' St. Ry. Co.*, 95 Tenn. 18, 49 Am. St. Rep. 909, 31 S. W. 163, 28 L. R. A. 486; *San Antonio & A. P. Ry. Co.* v. *Vaughn*, 5 Tex. Civ. App. 195, 23 S. W. 745.)

The burden was upon the plaintiff to show, by the introduction of some evidence, the difference between the value of the child's services without the injuries and the value of these services with the injuries. (*Schmitz* v. *St. Louis etc. Ry. Co.*, 46 Mo. App. 380; *Vanderveer* v. *Moran*, 79 Neb. 43, 112 N. W. 581; *Missouri etc. Ry. Co.* v. *Edwards* (Tex. Civ. App.), 32 S. W. 815; *Hurst* v. *Detroit City Ry.*, 84 Mich. 545, 48 N. W. 44.)

Where a verdict cannot be declared inadequate, the plaintiff cannot have it set aside as too small, though a considerably larger sum would not have been declared excessive. (*Caswell* v. *New Jersey St. Ry. Co.*, 69 N. J. L. 226, 54 Atl. 565.) The court will never grant a new trial on account of the smallness of damages in order to give a plaintiff another chance of getting more. (*Bourke* v. *Bulow*, 1 Bay (S. C.), 49.)

No appearance in behalf of Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The facts surrounding this case are set forth fully in *Flaherty* v. *Butte Electric Ry. Co. et al.*, 40 Mont. 454, 135 Am. St. Rep. 630, 107 Pac. 416, which was an action by the minor, by his guardian, to recover damages sustained by the child. The present action is brought by the father of the same child to recover damages for the loss of the child's services from the date of the injury until the minor reached his majority, for costs of medical attention, etc. The jury returned a verdict in favor of plaintiff for $100, and he, being dissatisfied, moved for a new trial. The motion was granted, and the defendants have appealed from the order.

1. The complaint in this action, so far as it charges negligence, is substantially the same as the complaint in the *Flaherty Case* cited above, and the evidence touching the cause of the injury is the same in the two cases. In *Flaherty* v. *Butte Electric Co.*, cited above, we held that there was such a variance between the allegations of the complaint and the proof as amounted to a failure of proof. We are now asked to say that the trial court should not have granted a new trial in this instance, because, it is argued, a new trial must result in a verdict against the plaintiff. But this argument ignores altogether the right of plaintiff to amend his complaint, and a decision by this court in conformity with appellants' view would preclude any amendment at all. Whether plaintiff can amend his complaint to meet his proof is not before us now, and cannot arise until an amendment is offered; and therefore we decline to hold on this appeal that our former decision is conclusive against the plaintiff's right to recover under any view of the case.

2. One ground of plaintiff's motion for a new trial is insufficiency of the evidence to justify the verdict. We are confronted now with the question: May a plaintiff who has recovered a verdict in his favor in a sum less than he deems himself entitled to under the evidence ask for a new trial on the

ground of insufficiency of the evidence to sustain the verdict returned?

(a) In civil actions, where the evidence is conflicting, the verdict must be in favor of the party who has the affirmative of an issue, and who produces in favor of such issue a preponderance of the evidence. (Revised Codes, sec. 8028.) In other words, this section provides that a preponderance of the evidence is the least that will support a verdict in such a case; and, if in such case the evidence does not preponderate in favor of the party asserting the affirmative of the issue, then it is insufficient to sustain a verdict in his favor upon that issue, according to the provision of the Code cited above. This seems to be logical, and we are satisfied that it is correct.

(b) In civil actions where the evidence is not conflicting, the verdict must be in favor of the party who has the affirmative of an issue and who has produced the uncontradicted evidence in support of it. In order to make an application of the provision of our Code relative to new trials (section 6794), let us assume that there is not any conflict whatever in the evidence as to the amount which the plaintiff in a given case is entitled to recover, if he is entitled to recover at all, and the only conflict arises upon his right to recover. If then the jury in such a case decides in favor of his right to recover, but returns a verdict for an amount less than the uncontradicted evidence shows he is entitled to receive, may he then have a new trial upon the ground that the evidence is insufficient to sustain the verdict? In *Landsman* v. *Thompson,* 9 Mont. 182, 22 Pac. 1148, this court answered the query in the affirmative, but gave little attention to the question of practice, apparently assuming the correctness of the position.

If our Code of Civil Procedure contained the same provision as our Penal Code, there could not be any question of this kind raised, for section 9350 provides that in a criminal case a new trial may be had when the verdict is contrary to the evidence. Is there any substantial difference between the provisions of our two Codes cited above? As early as 1862 this question came

before the supreme court of New York.  Prior to the adoption of the Code of that state, the rule had been established that a new trial might be had whenever the verdict was contrary to the evidence.  This is the rule of our Criminal Code above. When the Code of New York was adopted, it provided that a new trial might be had for insufficiency of the evidence to justify the verdict.  This is the provision of our Code of Civil Procedure above.  In *Algeo* [*Allgro*] v. *Duncan*, 24 How. Pr. 210, the New York court in special term was called upon to construe the provision of the Code referred to above, and in so doing Justice Emott said: ''The argument of counsel is that * * * a verdict against all evidence, and founded upon no evidence, is not a verdict upon insufficient evidence.  The argument is ingenious, but not sound.  Perhaps if we were in the unhappy condition of the rising generation of lawyers, knowing nothing of practice but the Code, we might be embarrassed with the decision of this and similar questions.  But a safe rule in such cases is to apply the former practice, and interpret the obscurities and deficiencies of the Code by its light.  I shall therefore assume that a motion to set aside a verdict, and for a new trial, 'upon insufficient evidence,' means a motion for a new trial on the ground that the verdict is against the evidence.  That I take to be the case.''  This view was affirmed by the court in general term, and, upon appeal to the court of appeals, was again affirmed in 39 N. Y. 313, and later this last decision was approved in *McDonald* v. *Walter*, 40 N. Y. 551.

The California Code of Civil Procedure contains the same provision as our section 6794, and the California Penal Code the same provision as our section 9350 above.  In 1 Spelling on New Trial and Appellate Practice, section 236, the author, in considering the provisions of the California Code, pointed out the apparent distinction between the two sections, but concludes: ''And yet in practice no such distinction between the respective provisions of the Code of Civil Procedure and the Penal Code as is here pointed out has ever been made by the courts.''  The authorities are not altogether in harmony upon the question now

before us, as a reference to 29 Cyc. 847, will disclose; but we conclude that a verdict which is clearly against the evidence may be set aside upon the ground that the evidence is insufficient to support it.   And after all is said, this is only a question of practice, and, having been settled in this state twenty years ago, in *Landsman* v. *Thompson,* above, we do not feel called upon at this time to suggest any change.

3. The trial court must have held that the verdict for only $100 was against the evidence; that, if the services of the boy from the time of his injury to the date of his majority would have been of any value to the father had he not been injured, they would have amounted in value to more than the sum fixed by the jury.   In reaching this conclusion the court doubtless took into consideration the fact that our Codes (section 965) recognize the right of a parent to require his child to work from the time he is fourteen years of age, except in certain employments mentioned in section 1746, and that to say that a healthy boy from the time he is fourteen cannot earn more than $100 in the next seven years, or less than $15 per year, or $1.25 per month, is simply preposterous; that, if entitled to recover at all, the father is entitled to the gross earnings of the minor without any deductions for cost of maintenance.   (*Mauerman* v. *St. Louis, I. M. & S. R. Co.,* 41 Mo. App. 348.)

4. But it is earnestly insisted that there is not any evidence in the record to justify a verdict even for $100.   It is true that the plaintiff did not offer any evidence tending to show the earning capacity, in and about Butte, of boys under the age of twenty-one; but we are not prepared to say at this time that there is not circumstantial evidence in the record sufficient to justify a verdict in a substantial amount.   At the time of the injury the boy was less than three years old.   From the very nature of things, it is practically impossible to produce direct evidence from which to determine with any degree of exactness the amount which such a child would be able to earn had he not been injured.   In such cases much must be left to the enlightened consciences of the jurors, aided by the circumstances of

each particular case. (*Western & A. Ry. Co.* v. *Young,* 81 Ga. 397, 12 Am. St. Rep. 320, 7 S. E. 912; *Rosenkranz* v. *Lindell Ry. Co.,* 108 Mo. 9, 32 Am. St. Rep. 588, 18 S. W. 890.)

We have had to consider this appeal unaided by any brief by respondent, who has not appeared at all in this court; but after due consideration we do not feel satisfied in saying that the trial court abused its discretion in granting plaintiff a new trial, and the order is therefore affirmed.

                                                    *Affirmed.*

Mr. Justice Smith concurs.

Mr. Chief Justice Brantly, being absent, takes no part in the foregoing decision.

