William Decker, trading as Montgomery Table Works,
Appellant, v. Albert Braverman, trading as Spo-
kane Furniture Company, Appellee.

Gen. No. 6,097.   (Not to be reported in full.)

Appeal from the Circuit Court of Peoria county; the Hon. THEO-
DORE N. GREEN, Judge, Presiding. Heard in this court at the April
term, 1915. Affirmed. Opinion filed October 20, 1915.

## Statement of the Case.

Action of assumpsit by William Decker, trading as
Montgomery Table Works, plaintiff, against Albert
Braverman, trading as Spokane Furniture Company,
defendant, in the Circuit Court of Peoria county, to
recover the invoice price of manufactured goods sold
and delivered to defendant.   From a judgment for
defendant, plaintiff appeals.

The controverted matters concern the purchase by
the appellee of twelve oak library tables, called "tables
in white," which were shipped to the defendant, but
which defendant claims were not of the kind and
quality purchased by him, and that he therefore re-
turned them to the plaintiff.

The testimony of defendant was to the effect that
he gave the order for the "tables in white" to a travel-
ing salesman of plaintiff, to be like certain photo-
graphs which the salesman had displayed to him, and
also, of the grade of oak, and in the kind of wood

finish, like a table in defendant's stock; that the grade of wood of the table in defendant's stock was No. 1 oak; and that the finish of the wood was also of the highest grade.

He further testified that the tables sent to him were No. 3 grade of oak, and the wood finish was not clear and smooth like the finish of the table in defendant's stock, but was rough and splintered; and that parts of the tables were very roughly put together. The defendant's testimony was not contradicted.

It also appeared that checks were twice sent by defendant for an amount less than the invoice price of such goods and plaintiff for that reason refused such checks. The goods remained in defendant's warehouse thirty days before he examined them. The amount claimed was $150 and interest from June 30, 1914. Defendant tendered and paid into court $56.70. The case was tried by the court without a jury and the only witness was defendant, who was called by plaintiff.

KIRK & SHURTLEFF, for appellant.

A. M. OTMAN, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

## Abstract of the Decision.

1. EVIDENCE, § 461*—*what weight given to uncontradicted testimony.* Uncontradicted testimony must be taken to be a true statement of the matters testified to.

2. SALES, § 146*—*when purchaser may reject goods.* A purchaser is not bound to accept and pay for goods which are not of the kind and quality called for by the contract.

3. SALES, § 147*—*what is reasonable time to accept or reject goods.* The question of what is a reasonable time within which a purchaser of goods must accept or reject the same depends on the circumstances of the particular case.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. SALES, § 147*—*what is not unreasonable delay in rejecting goods.* In an action to recover for goods sold and delivered where defendant retained the goods in his warehouse for thirty days before examining and rejecting them as not in compliance with the contract, *held* that defendant's delay was not unreasonable under the evidence, he having the right to assume that the goods delivered were in compliance with the contract, in which case defendant would naturally not make haste to examine them.

5. SALES, § 105*—*when sending of checks in payment no waiver of compliance with contract.* In an action to recover for goods sold and delivered where defendant retained the goods in his warehouse for thirty days before examining and rejecting them as not in compliance with the contract, the fact that before examination of the goods defendant sent plaintiff a check for less than the invoice price, *held* not to prove a waiver of plaintiff's failure to comply with the contract, defendant not having at the time of sending the checks such knowledge of the defects in the goods that he could be presumed to have intended to waive such defects by sending such checks.

6. CONTRACTS, § 203*—*when contract of sale divisible.* In a sale of goods consisting of independent items, of different articles with different prices, each item necessarily constitutes a separate contract.

7. APPEAL AND ERROR, § 1088*—*when only errors assigned in brief will be considered.* On a writ of error the Appellate Court can only consider the errors discussed by appellant in his brief, although he declares he relies on all the errors assigned, including some not so discussed, since an appellant must abide by the case made by his opening brief, and if no case is made thereby, the judgment reviewed will be affirmed.