## No. 9475.

## SEYMOUR v. GOAD.

TRIAL—*Uncontradicted Testimony*, without conflict, either circumstantial or direct, as to material facts, must be allowed to control. Neither the court nor the jury are to disregard such evidence, and return findings not supported thereby. Judgment upon such unsupported findings reversed.

*Error to Rio Grande District Court, Hon. Jesse C. Wiley, Judge.*

Mr. JAMES P. VEERKAMP, Mr. JAMES D. PILCHER, for plaintiff in error.

Mr. JESSE STEPHENSON, for defendant in error.

Mr. Justice Bailey delivered the opinion of the court.

THE action was by Edward Seymour, plaintiff in error here, to recover $1,500.00 from J. Frank Goad, as Sheriff of Rio Grande County, which Edward alleges is wrongfully withheld from him.

In his answer the defendant sets up that as Sheriff he had taken the money from the person of one William R. Seymour, who is a brother of Edward, when he arrested William upon a criminal charge; that as Sheriff he was retaining 850.00 of the money in dispute under an execution against William, and that by court order duly entered he had been directed to pay the balance, $750.00, over to William, and had done so. Trial was to the court, and the findings and judgment were for the Sheriff. That judgment is now here for review.

It appears that in November, 1917, plaintiff, Edward Seymour, had on deposit in a Monte Vista bank $2,000.00. He was then under arrest, and in an attempt to secure his release he undertook to put up a cash bond of $1,500.00. To this end he drew a check for that amount, payable to the bank, which check he gave to his brother, William R. Seymour, who exchanged it for a cashier's check payable to the

clerk of the court. This check was subsequently returned and another issued payable to the sheriff. This latter check was likewise surrendered, as was also another check for $500.00, signed by Edward, by his brother, William, and for these two checks, for $2,000.00, covering the entire amount on deposit in the bank to the credit of Edward Seymour, another cashier's check, for $2,000.00, was issued to William, which later William turned into cash.

Shortly thereafter the brothers were arrested in Texas, and William was returned to Trinidad, where the $1,500.00 in question was found upon him by the Sheriff. While the money was in the custody of the Sheriff an execution was levied against it, as the property of William R. Seymour.

While it is well settled that the verdict of a jury, or the conclusion of the court sitting in lieu thereof, will not be disturbed as to findings of fact upon controverted questions, if there is sufficient competent evidence to support them, it is likewise equally true that where there is no conflict of testimony, either circumstantial or direct, as to material facts, the court or jury is not at liberty to disregard the evidence adduced and return findings wholly unsupported thereby.

In *Hunt v. Milling, etc., Co.*, 1 Colo. App. 120, 27 Pac. 873, the court, in discussing this question at page 124, said:

"This conclusion is not at all in conflict with the rule which has been so aften declared by the appellate tribunals of this state—that they will not interfere with the verdict of a jury or the finding of the court upon questions of fact simply upon a conflict of testimony, or upon a question of the weight and preponderance of the evidence. It stands substantially uncontradicted in the record that Payne was given actual notice of the dissolution of the firm. The absence of a recollection on his part that such a conversation was had does not tend to shake or weaken the absolute testimony given by Mr. Hunt upon this subject. His direct and positive statement standing uncontradicted must be given full credit, unless there be something in the record which

tends to overcome or weaken the force of that unimpeached testimony."

The above case was cited with approval in *Moyle v. Hocking*, 10 Colo. App. 446, 51 Pac. 533, and at page 447 the court said:

"In support of the judgment defendant relies wholly upon the rule repeated announced and sustained by this court, that where the evidence is conflicting appellate courts will not disturb the verdict of the jury, or findings of fact by the trial court, unless manifestly against the evidence. If sufficient evidence appears to sustain such finding or verdict, it will be conclusively presumed that it was sustained by the weight of evidence. This rule is well settled, but it is not applicable to the case at bar. Here there was no conflict of evidence; all of it was in favor of plaintiff, and there is none whatever to support the judgment."

So also in *C. & S. Ry. Co. v. Thomas*, 33 Colo. 517, this court, in reviewing the evidence, said, at page 519:

"There is no testimony that in the slightest degree militates against the testimony of the Wilsons and Brown, as to any material facts testified to by them, nor any circumstance developed in the case that throws discredit upon their evidence; and we are unable to perceive any reason that warranted the jury in disregarding their testimony and all the admitted circumstances surrounding the case, and base their verdict on some undiscernable inference or conjecture."

The above rule has been approved and applied in the following cases: *Elwood v. W. U. T. Co.*, 45 N. Y. 549, 6 Am. Rep. 140; *Decker v. Braverman*, 196 Ill. App. 387; *Fitzgerald v. Metropolitan Life Ins. Co.*, 90 Vt. 291, 98 Atl. 498; *Walker v. Warner*, 31 App. D. C. 76; *Flaherty v. Butte Electric Co.*, 42 Mont. 89, 111 Pac. 348; *Gleason v. Prudential Fire Ins. Co.*, 127 Tenn. 8, 151 S. W. 1030; *McNamara v. Georgia Cotton Co.*, 10 Ga. App. 669, 73 S. E. 1092; *Hall v. Whipple,* — Tex. Civ. Ap. —, 145 S. W. (Texas) 308;

*St. Louis, etc., Ry. Co. v. Humbert,* 101 Ark. 532, 142 S. W. 1122.

The record contains no syllable of testimony, either direct or circumstantial, to indicate that the money in question belonged to any one other than Edward Seymour, plaintiff in this case. The testimony of his ownership stands uncontroverted, either by direct testimony or by circumstances, and justifies but the one inference, namely, that the money in question is his property. Upon the authorities cited the finding of the trial court is clearly wrong and should not be approved.

The judgment is therefore reversed, and the cause remanded, with directions to enter judgment for the plaintiff, Edward Seymour, in the amount found to be due him, after deducting what has already been paid to William, which Edward admits was turned over to him, together with continuing legal interest on such balance from the date payment was demanded.

Judgment reversed and cause remanded, with directions.

Mr. Chief Justice Garrigues and Mr. Justice Teller concur.