ROBERT PUTMAN, Administrator of the Estate of Nancy Putman, Deceased, Plaintiff and Respondent, v. WILLIAM POLLEI, Defendant and Appellant.

No. 11590.
Submitted June 9, 1969.
Decided July 24, 1969.
Rehearing Denied Sept. 2, 1969.
457 P.2d 776.

Korn, Warden & Walterskirchen, Merritt N. Warden (argued), Kalispell, for appellant.

Rognlien, Hash & O'Brien, Kenneth E. O'Brien (argued), Murphy, Robinson & Heckathorn, I. James Heckathorn (argued), Kalispell, for respondent.

MR. JUSTICE BONNER delivered the Opinion of the Court.

In a survivorship action by the administrator of the estate of a decedent killed in an automobile accident, the jury returned a verdict for the administrator in the amount of $445.95. Subsequently the district court of Flathead County, the Honorable Robert C. Sykes, district judge presiding, entered an order and judgment setting aside the verdict, holding defendant liable, and awarding the administrator a new trial limited to the sole issue of damages. From this order and judgment, defendant appeals.

The sole issue on this appeal is whether the district court abused its discretion in granting the administrator a new trial on the issue of damages.

The accident forming the basis of this suit occurred about 3:45 p.m. on March 16, 1967 on the interstate highway between Billings and Laurel. The front end of an eastbound station wagon driven by defendant, William Pollei, struck the rear end of a preceding eastbound automobile in which Nancy Putman was a rear seat passenger. Nancy died within the hour from injuries received in this accident.

Subsequently Nancy's father, Robert Putman, was appointed administrator of her estate and in such capacity filed the instant negligence action against defendant Pollei. Plaintiff administrator seeks recovery on claims for which Nancy herself could have sued but for her death; and which, upon her death, survived in favor of the administrator of her estate under Montana's general survival statute, section 93-2824, R.C.M.1947. Specifically, damages are sought for (1) Nancy's personal property and effects destroyed in the accident, and (2) her loss of earning capacity. Defendant's answer is substantially a general denial.

During the course of trial the parties stipulated that the value of Nancy's personal property and effects destroyed in the accident was $445.95. Broadly speaking, plaintiff's evidence on Nancy's loss of earning capacity consisted of (1) expert opinion evidence of an economist from the University of Washington on Nancy's potential loss of future earning capacity based upon economic performance of members of her class, (2) Nancy's life expectancy derived from mortality tables, and (3) testimony concerning her past parttime employment, her education and activities, and her personal abilities and characteristics.

At the conclusion of the evidence, the court in its jury instructions directed a verdict against defendant on the issue of liability and submitted only the issue of damages to the jury. The jury returned a verdict for plaintiff in the amount of $445.95, the agreed value of Nancy's personal property and

effects destroyed in the accident. Nothing at all was awarded for her loss of earning capacity.

Thereafter plaintiff filed various motions on various grounds, all seeking to set aside the jury verdict and to secure a new trial. Some sought a new trial on the issue of damages alone, and others sought a new trial on all issues. The district court entered an order and judgment setting aside the damage award by the jury, awarding plaintiff judgment on the issue of liability, and granting plaintiff a new trial restricted to the issue of the amount of damages to be awarded. This action by the district court was based on its determination that there was an insufficiency of the evidence to justify the verdict in that the jury award of damages, in effect, amounted to a determination that Nancy had no earning capacity. Defendant appeals from this order and judgment of the district court.

As heretofore stated, the single issue upon this appeal is whether the district court abused its discretion in awarding plaintiff a new trial on the issue of the amount of damages to be awarded.

Defendant's principal contentions are (1) there is substantial evidence supporting the verdict foreclosing the granting of a new trial, and (2) the jury instructions, given by the court without objection by plaintiff, became the law of the case and authorized a verdict of no damages for loss of earning capacity. It should be noted that defendant raises no issue in his brief or oral argument concerning the propriety of restricting the new trial to the issue of damages alone. Defendant's entire argument is bottomed on the proposition that no new trial of any kind is permissible here.

At the outset, we observe that a new trial may be granted on the ground that under the evidence presented the award of damages is inadequate. Section 93-5603(6), R.C.M.1947; Flaherty v. Butte Electric Ry. Co., 42 Mont. 89, 111 P. 348; Coombes v. Letcher, 104 Mont. 371, 66 P. 2d 769; Hicks v. Strain Bros., 108 Mont. 598, 92 P.2d 763, 766. However, where there

is substantial though conflicting evidence supporting the verdict, a new trial may not be granted. Kincheloe v. Rygg, 152 Mont. 187, 448 P.2d 140; Davis v. Smith, 152 Mont. 170, 448 P.2d 133. The rationale behind these rules is that where there is no substantial evidence supporting the verdict it amounts to an insufficiency of the evidence to justify the verdict, which is one of the statutory grounds on which a new trial may be granted. Our basic inquiry, then, must be whether under the evidence in the instant case there is substantial evidence to justify the award of no damages for loss of decedent's earning capacity.

This brings us to defendant's first principal contention noted above. Defendant contends there is substantial evidence supporting the verdict consisting of (1) failure of plaintiff to sustain his burden of proving by a preponderance of the evidence any loss of decedent's earning capacity, and (2) the uncertain, speculative, and conjectural character of plaintiff's evidence on loss of earning capacity. In substance, defendant relies on the weakness of plaintiff's evidence on this item of damage, having produced no witness of his own on this issue.

Let us examine the evidence in the light most favorable to the defendant.

The first item of evidence produced by plaintiff was the testimony of an economics professor from the university of Washington, including charts and graphs introduced in evidence. His evidence primarily concerned the projected lifetime earnings, discounted to present value, of a school teacher in Kalispell based upon the salary schedule in that locality. This witness admitted he did not know the decedent, had no idea of what she would do, did not know whether she would marry, change her goals, or become ill or disabled. His testimony was based on the assumption that decedent, a 19 year old unmarried sophomore at Eastern Montana College, would graduate as a physical education teacher, return to Kalispell, and teach there for the remainder of her economic life. Based

upon these assumptions his evidence tended to support an award somewhere in the neighborhood of $175,000.

■ ■ The testimony and evidence of this witness was expert opinion evidence based on hypothetical assumptions. This evidence was properly admissible and subject to consideration by the jury as a basis for determining reasonable probabilities of the future earnings of the decedent. See Krohmer v. Dahl, 145 Mont. 491, 402 P.2d 979; 15 A.L.R.2d 418. However, the credibility of the expert witness and the probative value of his testimony are questions for the jury. United States v. Francis, 9 Cir., 64 F.2d 865; Kelley v. John R. Daily Co., 56 Mont. 63, 181 P. 326. The jury was entitled to reject this testimony entirely if the basis on which it rested was unsound and was correctly so instructed in the following language:

"The rules of evidence ordinarily do not permit the opinion of a witness to be received as evidence. An exception to this rule exists in the case of expert witnesses. A person who by education, study and experience has become an expert in any art, science or profession, and who is called as a witness, may give his opinion as to any matter in which he is versed and which is material to the case. You should consider such expert opinion and should weigh the reasons, if any, given for it. You are not bound, however, by such an opinion. Give it the weight to which you deem it entitled, whether that be great or slight, and you may reject it, if in your judgment the reasons given for it are unsound." (Court's instruction #4.)

The jury apparently gave this evidence no weight at all and was entitled to so consider it.

■ The second item of evidence was the agreed life expectancy of decedent of 57.4 years based on mortality tables relating to a 19-year-old female. The jury could have taken this into consideration and still arrived at the verdict they did. Accordingly, further discussion of this item of evidence appears unnecessary.

The last item of evidence on damages for loss of decedent's earning capacity consists of evidence relating directly to the decedent as an individual. This evidence indicates that decedent was a vigorous and talented 19 year old college sophomore in excellent health and with no physical impairments. While in high school she exhibited exceptional talent in track and field, winning local, state and national honors. She posthumously received the Little Sullivan Award as the State's outstanding athlete. During high school she exhibited an unusual interest in the teaching profession, assisting the track coach with the younger girls and teaching a physical education class for the entire year in a Kalispell elementary school without compensation.

After finishing high school, she enrolled in Eastern Montana College to pursue a teaching career, majoring in physical education. She continued her work in track and field and assisted in instruction of physical education in a Billings high school. She performed well academically in both high school and college, exhibiting exceptional leadership ability.

Decedent worked as a clerk at a children's clothing store and at the cherry warehouse in Kalispell during high school. During college she was employed as a switchboard operator and also worked one summer in the cafeteria. No evidence was given concerning her earnings on these various jobs.

All of the foregoing evidence was uncontradicted. It constituted substantial credible evidence that she had some existing earning power at the time of her death. There is simply no evidence whatever that decedent had no earning capacity at the time of her death; that her death terminated her earning capacity is obvious.

Back in 1910 this Court affirmed the granting of a new trial to a father who recovered a damage verdict of $100 covering loss of his 3 year old boy's services during minority on the ground of insufficiency of the evidence to support the

verdict: Flaherty v. Butte Electric Ry. Co., 42 Mont. 89, 95, 111 P. 348. In that case, this Court said, in part:

"* * * to say that a healthy boy from the time he is 14 cannot earn more than $100 in the next 7 years, or less than $15 per year, or $125 per month, is simply preposterous * * *."

If the verdict in that case was "preposterous", the verdict in the instant case is equally so. Beyond this, the verdict is impossible under the evidence here. The jury may not disregard uncontradicted, credible nonopinion evidence. The uncontradicted evidence here shows an established earning capacity at the time of decedent's death while the jury verdict, in effect, found none. Loss of earning capacity for which damages are sought herein is entirely different from loss of earnings, and a person is entitled to recover for loss of earning capacity even though not presently employed. Thomas v. Whiteside, 148 Mont. 394, 421 P.2d 449. While there is a basis for substantial differences of opinion on the part of the jurors as to the amount of damages suffered by decedent's loss of earning capacity, there is no basis in the evidence for finding that decedent suffered no loss at all.

For the foregoing reasons we hold that there is no substantial evidence justifying the jury verdict awarding no damages for decedent's loss of earning capacity.

Defendant's second principal contention is that nonetheless the jury instructions given without objection by plaintiff became the law of the case and permitted the jury to arrive at a verdict for no damages for decedent's loss of earning capacity. This contention is based on several jury instructions relating to damages for loss of earning capacity which defendant contends are couched in permissive, rather than mandatory, language. Examples of these are court's instruction No. 8 advising the jury that they shall find for the plaintiff in the sum of $445.95, "and in addition, you may find such additional damages, if any, for loss of earning capacity of Nancy Put-

man   *   *   *"; court's instruction No. 9 advising the jury that "*   *   * you may award plaintiff such sum on that account as Nancy Putman would have earned for the rest of her life reduced to present worth   *   *   *"; court's instructions Nos. 3, 10, and 11 concerning an award "of damages, if any"; and court's instruction No. 15 instructing the jury that "In arriving at any award of damages in this case,. if you should make an award   *   *   *" to consider certain evidence.

Defendant's argument is specious and illusory. In effect, defendant contends that irrespective of the correctness of the jury instructions they become the law of the case and binding on the jury, and that plaintiff's failure to object to the instructions in question forecloses him from receiving a new trial on the ground of insufficiency of the evidence to support the verdict.

Some of the jury instructions heretofore noted may arguably be misleading if considered alone in the sense that if so considered they could be construed as permitting the jury to award no damages for decedent's loss of earning capacity. Be that as it may, the issue raised herein is one of sufficiency of the evidence to support the verdict. The new trial was not granted on the basis of errors in jury instructions, but on an evidentiary basis having nothing to do with instructions to the jury. Just how failure to object to certain jury instructions is material to determination of sufficiency of the evidence to support the verdict under the circumstances disclosed here escapes us. To hold that failure to object to the words "if any", "would", or "should" used in certain jury instructions somehow constitutes a waiver of the right to seek a new trial on the basis of insufficiency of the evidence to justify the verdict would be patently unjust. We therefore hold that irrespective of the jury instructions, there is simply no evidence to justify a jury award of no damages for loss of decedent's earning capacity.

For the foregoing reasons we find no abuse of discretion by the district court, and its order and judgment are affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES HASWELL, CASTLES and JOHN C. HARRISON, concur.