JUSTICE WEBER
dissents as follows:
The majority opinion states issue one as follows:
1. Was the jury’s verdict finding zero survivorship damages to the estate of Aric Brockie contrary to the evidence?
That statement of the issue addresses only a part of the aspects which should be considered on this issue. I suggest that the defendant’s statement of issue is more complete:
*527 1. Whether the district court abused its discretion in refusing to grant a new trial on the sole issue of survivorship damages where the jury awarded $170,000 as wrongful death damages.
In considering this issue, it is necessary to keep in mind the questions answered by the jury in the special verdict form prepared by the plaintiff:
QUESTION NO. 6:
Without making any reductions for percentages of negligence, what are the total damages sustained by Michael and Susan Brockie as the heirs of Aric Brockie?
ANSWER:
$ 170,000
If you have assessed damages in answer to question number six, you must answer question number seven. If you have not assessed damages in answer to question number six, you must proceed to answer question number seven.
QUESTION NO. 7:
Without making any reduction for percentages of negligence, what are the total damages sustained by the estate of Aric Brockie as the result of his death?
ANSWER:
$-0-
From the wording of the special verdict it appears quite possible that survivorship damages could have been included in the $170,000 answer to question six. That was the view of the trial judge. Following is the analysis of the District Court in which it denied plaintiff’s request for a new trial on the issue of survivorship damages only:
ORDER ON PLAINTIFF’S REQUEST FOR A NEW TRIAL
The jury in this matter returned its verdict on October 20,1993. In that verdict, the jury found that the total damages suffered by Michael and Susan Brockie as the heirs of Aric Brockie were $170,000. The jury further found that Defendant Omo was 35 percent negligent, which translates into an award of $59,500 for the Brockies. The attorneys for the Brockies have moved for a new trial on the issue of survivorship damages alone. The Brockies argue that there is no dispute but that Aric survived the accident and had a survivorship action. The Court agrees that this was undisputed. ...
*528 Defendant contends that the jury could totally disregard the expert testimony if they wanted to. This is consistent with the supreme court holding in Putnam v. Pollei, 153 Mont. 406, 457 P.2d 776 (1969). ...Neither in that special verdict form nor in the closing arguments did Plaintiff’s attorneys offer any guidance to the jury as to how the damages were to be split up between Aric’s parents as the heirs in a wrongful death action and damages to be awarded to the personal representative of the estate. It would not have been difficult at all for such a jury questionnaire to have been drafted and offered, but none was.
The Brockies insist that they have not had a fair trial. This Court feels that they have received a fair trial. All of the evidence that they wanted introduced was introduced. The special verdict form that they offered was used by the Court. The $170,000 that the jury did award could well have been to compensate for Aric’s medical and funeral expenses, along with his earning capacity and damages to his parents. This we will never know. Primarily we will not know this because of the way the verdict form was crafted. For Plaintiff’s counsel to now complain about the verdict form that was crafted by Plaintiff does not find a receptive audience with this Court. Further, this is not a case as was Putnam where damages of $445 were awarded, nor was it a case such as Flaherty v. Butte Electric Railway, 42 Mont. 89, 111 P. 348 (1910) where $100 damages were awarded for the loss of a tluee year old child.
To allow a new trial on the survivorship action alone would allow Plaintiff to keep the money they have already won and roll the dice again. They have won a substantial award from the jury, and the fact that it is not broken out between the survivorship and wrongful death action is not the fault of Defendant nor this Court.
Therefore, Plaintiff’s request for a new trial on the question of damages for the survivorship action is hereby denied. (Emphasis supplied.)
In addressing this issue, the majority opinion emphasizes the uncontradicted evidence which establishes survivorship damages which should have been awarded, including funeral and medical expenses in the amount of $2,601.10 and earnings testified to by the plaintiff’s expert in an amount of $878,518 to $1,113,929. The majority opinion then concludes there is no substantial evidence to justify the jury’s failure to award such survivorship damages.
*529 The foregoing analysis does not address the specific matters considered by the District Court in its denial of new trial. An example is the reference of the majority opinion to Putnam, v. Pollei (1969), 153 Mont. 406, 457 P.2d 776, in which the statement is made that the jury’s verdict in the present case is as impossible as was the verdict in Putnam. This fails to address the analysis correctly made by the District Court where it pointed out that in Putnam, the damages awarded were only $449.25, whereas in the present case, deunages were awarded in the amount of $ 170,000 and that amount could have included survivorship damages.
In a similar manner, the majority opinion relies on Rudeck v. Wright (1985), 218 Mont. 41, 709 P.2d 621. The majority opinion points out that in Rudeck, a new trial was awarded in a case in which the jury returned a verdict awarding Mrs. Rudeck $75,000 on a wrongful death claim and $0 on the estate’s survival claim. The key difference between Rudeck and the present case is that in Rudeck the Court allowed a new trial on all issues so that Mrs. Rudeck was not allowed to retain the $75,000 awarded her on the wrongful death damages and try again the issue of the estate’s survivorship damages.
As above quoted, the District Court concluded plaintiff had a fair trial. It emphasized that the special verdict form had been prepared by the plaintiff and that the “$170,000 that the jury did award could well have been to compensate for Aric’s medical and funeral expenses, along with his earning capacity and damages to his parents. This we will never know.” The District Court further emphasized that neither in the special verdict form nor in the closing arguments did plaintiff’s attorneys offer any guidance to the jury as to how damages were to be divided between Aric’s parents as his heirs in a wrongful death action and damages to be awarded to the personal representative of the estate.
I conclude there is no proper basis for overturning the denial of a new trial by the District Court, and I dissent on Issue I.
On Issue I, I do point out that the argument which appeared strongest to me in behalf of the plaintiff was the possible contradiction between the various instructions. Instruction No. 24 stated as follows:
Your award should include reasonable compensation for burial expenses and funeral services for the deceased and any reasonable medical charges which were incurred in connection with the death.
Defendant argues that this instruction fails to clearly tell the jury that the amount relating to medical and funeral expenses should be *530 allocated to the estate on a survivorship claim. That argument does not consider the strongest argument under Instruction No. 34 which stated:
Your award should include reasonable compensation to Aric Brockie’s estate for:
The amount of lost earnings between the time of death and the time of trial; the present value of Aric Brockie’s reasonable earnings after the date of trial during the remainder of his life expectancy; and reasonable compensation for decedent’s loss of established course of life. (Emphasis supplied.)
While it is true that the special verdict form did not sufficiently advise the jury as to how to divide the damages, and while there was no explanation made by the plaintiff in the course of final argument, the above instruction certainly raises a significant issue. As a result, I believe it would have been proper for the majority opinion to conclude that there was sufficient confusion here to require a new trial and then to order a new trial on all aspects of the case. This would include a new trial on the issue of the $170,000 of damages. It would also allow consideration of the Newville case which is hereafter mentioned.
Issue II is stated by the majority opinion as:
Did the District Court err by denying appellant’s motion for a partial new trial on the issue of survivorship damages sustained by Aric Brockie’s estate?
The defendant’s proposed issue is stated as follows:
Whether a jury award allocating $170,000 in wrongful death damages to the decedent’s heirs, but $0 dollars in survivorship damages to the decedent’s estate, is reversible as contrary to the law when the plaintiff-appellant failed to provide any guidance or instructions to the jury concerning allocation of damages, and the jury followed all instructions actually given to it.
The majority opinion concluded that its answer on issue one required a reversal of the District Court. The authority for this decision is Putnam in which the key distinction from this case was the award to Putnam of insignificant damages in the amount of $449.25. The distinction from Rudeck is that in Rudeck, the entire case was remanded for a new trial including the $75,000 awarded, as compared to the present case where the plaintiff is allowed to retain his share *531 of the $170,000, but is allowed to go to trial on the issue of survivorship damages.
For the reasons set forth under Issue I, I dissent from the conclusion that the District Court erred in denying the plaintiff’s motion for a partial new trial on the issue of survivorship damages.
Newville Application
The majority opinion points out that the plaintiff asks us to apply Newville v. Montana Department of Family Services (1994), [267 Mont. 237], 883 P.2d 793, retroactively to the wrongful death award of $170,000. I think it important to quote the pertinent portions of Newville:

We conclude that the allocation of percentages of liability to non-parties violates substantive due process as to the plaintiffs.

We hold that the following portion of § 27-1-703(4), MCA (1987), violates substantive due process:
... persons released from liability by the claimant, persons immune from liability to the claimant, and any other persons who have a defense against the claimant...
We further conclude that the remainder of the statute is capable of being executed in accordance with the legislative intent. As a result of our holding of unconstitutionality, we have eliminated that portion of the statute which allowed an allocation of negligence to non-parties ... (Emphasis supplied.)
Newville, [267 Mont. 237], 882 P.2d 793. For this analysis, the key aspect is that Newville determined there could be no allocation of negligence to non-parties.
In the present case, all of the parties and the District Court as well, concluded that § 27-1-703, MCA (1987), did allow an allocation of negligence to a non-party driver. As a result, the verdict form prepared by the plaintiff and accepted by the defendant and given by the District Court, and used by the jury, resulted in a jury finding that the non-party driver was 65 percent negligent and the defendant Omo was 35 percent negligent. At that point, the understanding of the parties and of the District Court was that the $170,000 in total damages would be reduced by the 65 percent negligence which was attributable to the non-party driver. As a result of the interpretation in the majority opinion, this understanding is disregarded and the $170,000 is reinstated in full. On its face, this demonstrates a manifest injustice to the defendant.
*532 While the majority opinion does not explain the basis for all of its decision, I assume that it is relying on State ex rel. Deere and Co. v. District Court (1986), 224 Mont. 384, 730 P.2d 396, which concluded that the 1985 version of § 27-1-703, MCA, excluded a party against whom recovery was not allowed — and having concluded that recovery was not allowed against a settling defendant, held that there was no right of contribution as to such settling defendant. After Deere was issued, § 27-1-703, MCA, was amended substantially in 1987. This 1987 amendment included the statement that for the determination of the percentage of liability attributable to each party whose action contributed to the injury, the trier of fact should consider the negligence of a number of stated persons, and specifically included persons released from liability by the claimant and persons immune from liability to the claimant. The amended statute required the trier of fact to apportion the percentage of negligence to all such persons. I emphasize the distinction between allowing an allocation of negligence to persons released from liability, and allowing contribution from such persons released from liability. While this view of the statute has not yet been considered by this Court — the contention could be made under the 1987 statute that there can be an allocation of negligence to a third-party defendant who has been released from liability even though there could be no right of contribution from that third-party defendant who has already settled with the plaintiff. As an example, in the present case, if the driver of the vehicle who had settled with the plaintiff had been named as a third-party defendant, and if the jury verdict had been the same as in the present case then the result could have been precisely the same as in the present case — that being an award of $170,000 for all of the damages of the plaintiff, but with the defendant Omo only responsible for 35 percent of the same under the revised statute.
I conclude there is a manifest injustice in the application of Newville to the defendant in the manner which has been accomplished in the majority opinion. I conclude that Newville is not authority for the application made in the majority opinion because it did not decide whether a party settling with the claimant still could be named as third-party defendant to whom negligence could be allocated.
I dissent from the majority opinion.
CHIEF JUSTICE TURNAGE joins in the foregoing dissent.
JUSTICE GRAY joins in the foregoing dissent.