No. 85-142

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

ROBERT J. LEE and DOROTHY MARIE LEE,
husband and wife, LOUIS CROHN and
IRENE J. CROHN, husband and wife,
ELMER and MARIE SPRUNGER, husband &
wife,

Plaintiffs and Appellants,

-vs-

FLATHEAD COUNTY, FLATHEAD COUNTY
BOARD OF COMMISSIONERS, NAKUL VERMA,
FLATHEAD COUNTY ZONING ADMINISTRATOR,
et al.,

Defendant and Respondents.

---

APPEAL FROM: District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable E. Garnder Brownlee, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Keller & German; Robert S. Keller, Kalispell, Montana

For Respondents:

Jonathan B. Smith, Deputy County Attorney, Kalispell,
Montana
Oleson & DeJana; Richard DeJana, Kalispell, Montana

---

Submitted on Briefs: June 14, 1985

Decided: August 22, 1985

Filed: AUG 22 1985

Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

Appellants commenced this action on October 5, 1984, against respondent land developers, and Flathead County to enjoin construction of an apartment building until compliance with the Montana Subdivision and Platting Act. Appellants also alleged a public and private nuisance and requested abatement and damages. The District Court of the Eleventh Judicial District granted summary judgment against appellants on Counts I and II, reserving Count III, a damage claim, for trial. This appeal followed.

In April 1984, Paulson and Grant (developers) commenced construction of a four-unit building on a 115 feet by 110 feet tract in Bigfork, Montana. The building is 106 feet wide and the units were originally advertised for sale as condominiums. In August 1984, it came to the attention of the director of the Flathead Regional Development Office that the units were intended to be condominiums. On August 17, 1984, the Flathead county attorney issued a stop-work order to the attorney for the developers because if the units were to be sold as condominiums, they must undergo subdivision review under the Subdivision and Platting Act. The condominiums had not gone through subdivision review. The developers made some preliminary efforts to qualify for subdivision review as a condominium. The Flathead county subdivision regulations required condominiums to be located 25 feet from the site boundary adjoining the right-of-way of a road or highway and 15 feet from the other boundaries of the development site. The developers did not continue their efforts to qualify for subdivision review and decided to change the use of the building to an apartment house. The county ceased its request for a stop-work order and construction continued.

2

On June 27, 1984, the Attorney General issued an opinion, 40 Op. Att'y Gen. 57 (1984), which held that construction of an apartment building for rental occupancy is a subdivision, and must be submitted for local review under the Subdivision and Platting Act. Flathead County determined that since construction of the four-plex had begun, prior to the Attorney General's opinion, the apartment house was not required to undergo subdivision review.

At this point, appellants, several landowners adjoining the apartment house property, hired an attorney and filed this action. They sought to enjoin the Flathead County Commissioners from granting subdivision approval until appropriate compliance, and for a writ of mandamus to compel the Flathead County Commissioners to enforce the Montana Subdivision and Platting Act, the Administrative Rules of Montana and the County Regulations as to subdivisions, to withdraw the sewer permit issued for the condominium until compliance, and to enforce the prohibition against sale, lease or transfer of any unit of the building.

Count two of the complaint was against the developers, and alleged a public and private nuisance, and requested abatement and damages. Count three, which is not involved here, is a claim by plaintiffs Sprunger against the developers for damages for trespass and removal of lateral and subjacent support.

At the commencement of the action, appellants filed a notice of lis pendens against the subject property owned by the developers. The developers moved for summary judgment as to counts one and two, and moved the court to grant an order lifting the lis pendens. The defendant Flathead County moved for summary judgment as to count one. The trial court granted summary judgment in favor of all defendants as to all

3

claims in counts one and two, and as a part of the judgment ordered that the lis pendens be removed. The judgment was certified as a final judgment. The plaintiffs appeal from the judgment raising the following issues:

1. The trial court erred in granting summary judgment to the defendants on counts one and two of the plaintiffs' complaint.

2. The trial court erred in granting the motion of defendants Grant and Paulson to remove the notice of lis pendens.

3. The trial court erred in ruling without considering a requested subsequent affidavit.

Appellants have raised numerous issues and arguments on the problems surrounding the construction of the respondents' four-plex. The main thrust of their arguments is that the respondents should have had to go through subdivision review. Appellants concede in their reply brief that, "[t]he real question is can a developer now use the building complex as an apartment building, without subdivision review as a result of an amendment by the legislature to the subdivision laws during the pendency of the action that was brought to stop the developers from using the complex for failure to go through subdivision review?"

The amendment appellants refer to is Senate Bill 354, Chapter 700 of the 1985 legislative session, which was signed into law April 16, 1985. The Bill was an amendment to § 76-3-204, MCA, which provided that the sale, rent, lease, or conveyance of one or more parts of a building, structure, or other improvements situated on one or more parcels of land is not a division of land subject to subdivision review. The amendment makes it clear that not only is the renting of existing buildings exempt from subdivision review, but so are

4

all new buildings which are to be used as rentals. Thus, had this amendment been in effect when appellants brought this action, clearly respondents would be exempt from subdivision review because they have declared their building is to be used as apartments.

Appellants contend that the amendment does not affect this action because it was not in effect at the time summary judgment was granted and prior to the amendment, the Attorney General's opinions were correct. We need not determine whether the Attorney General was correct because § 76-3-204, MCA, as amended is controlling.

Generally, an appellate court must apply the law in effect at the time it renders its decision. Thorpe v. Housing Authority of the City of Durham (1969), 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474. Montana followed this principle in Wilson v. State Highway Commission (1962), 140 Mont. 253, 370 P.2d 486. In Wilson, an action was brought to determine whether the State Highway Commission had authority to issue an encroachment permit on a portion of unused highway right-of-way. After judgment was entered for the Highway Commission in District Court, the legislature enacted a statute granting to the commission the authority to rent unused highway right-of-way. This Court determined that the appeal of the District Court judgment had become moot because the statute resolved the question.

In the recent case of West-Mont v. Board of Health and Environmental Sciences (Mont. 1985), ____ P.2d ____, 42 St.Rep. 1116, we based our decision on a federal regulation which was adopted by the Department of Health and Environmental Sciences after the filing of the notice of appeal. Likewise, in the case at hand, we must apply the law in effect at this time. The amendment to § 76-3-204, MCA, makes

5

subdivision review unnecessary for the respondents' four-plex. Our resolution of this issue renders consideration of the zoning regulations and the validity of the sewer permit unnecessary. We affirm the trial court on count one.

The appellants also argue that the trial court erred in granting the respondents' motion to remove the notice of lis pendens. The trial court found that the lis pendens was improperly filed. In view of our decision on the first issue, we affirm the removal of lis pendens.

Appellants argue that the trial court should not have ruled on the issue of damage to the county road without considering an affidavit submitted after the summary judgment hearing. Appellant had requested that the court not rule until the affidavit was submitted, but the trial court ruled on the day following the hearing without considering the affidavit. The trial court ruled that it would not anticipate damages that might occur to a county road in the future and granted summary judgment to respondents.

We find that summary judgment was not proper on this issue. The affidavit submitted by the appellants indicates damage will likely occur to the road. We remand on this issue with instructions for the trial court to consider the Northern Engineering and Testing, Inc., affidavit. By this remand, we do not express any opinion on the claim's merit.

We affirm the District Court result in part and remand in part for further proceedings in accordance with this opinion.

Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices