FOX, Appellant, *v.* HACKER, Respondent.

(No. 5,053.)

(Submitted September 13, 1923. Decided October 9, 1923.)

[220 Pac. 749.]

*Appeal and Error—Moot Questions—Dismissal of Appeal— Stipulations of Counsel.*

Appeal and Error—Settlement of Controversy During Pendency of Action —Moot Questions—Dismissal of Appeal.
1.  Where in an action for specific performance the parties during its pendency settled their differences by stipulation and defendant made a conveyance acceptable to plaintiff, the judgment so declaring, the question whether the contract of sale was valid subject to enforcement by specific performance was a moot one not en-

---

1.  What constitutes moot case, see note in Ann. Cas. 1918B, 558.

[68 Mont. 413.]
titled to consideration on appeal, and in such a case the appeal
will be dismissed.

Same—Stipulations—Moot Question—Dismissal of Appeal.
2. While stipulations of counsel will be respected on all proper
occasions, they may not by that means present a moot question on
appeal as a basis for judicial decision.

*Appeal from District Court, Yellowstone County; A. C.
Spencer, Judge.*

ACTION by John Fox against Carrie Hacker, individually
and as administratrix of the estate of F. T. Hacker, deceased.
Judgment for defendants and plaintiff appeals. Appeal dismissed.

*Messrs. Collins & Wood,* for Appellant, submitted a brief;
*Mr. Sterling M. Wood* argued the cause orally.

*Messrs. Johnston, Coleman & Johnston,* for Respondent, submitted a brief; *Mr. H. J. Coleman* argued the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

The complaint herein sets forth one cause of action in two
separate counts. In the first count it is alleged: (1) That
defendants, at all the times mentioned, were and still are the
owners of the northwest quarter of section 19, township 1
south, range 26 east, M. P. M., and of forty-five shares of
the capital stock of the Yellowstone & Canyon Creek Ditch
Company, a corporation, which shares of stock represented
and stood for the water rights appurtenant to said land and
evidenced the defendants' title to such water rights "and by
reason thereof run with the title thereto." (2) That on December 3, 1918, plaintiff and defendants entered into a written
agreement whereby defendants agreed to sell to plaintiff, and
plaintiff agreed to purchase said land and water rights for
the sum of $27,500, of which amount $6,000 was paid at the
time of the execution of the agreement, $2,000 was to be paid
on January 1, 1919, and the balance of $19,500 on March 1,
1919, that the plaintiff made payment of the $2,000 due on

January 1, 1919, and prior to the commencement of the action had tendered to defendants the final payment of $19,500 and demanded from them a conveyance of the land in the manner and form as required by the terms of their agreement, but that defendants had failed, neglected and refused to execute and deliver such conveyance to the plaintiff, and that the plaintiff was ready, able and willing to pay to defendants the balance due from him to them in accordance with the agreement.

The allegations of the second count are identical with those of the first, with the exception that after the description of the land and water right and the allegation "and by reason thereof run with the title thereto" as above quoted, the following appears: "Or so much of the lands and premises above described as would be embodied in government lots numbered 1, 2 and 5, and the northeast quarter of the northwest quarter of said section, which lands last above described as this plaintiff is informed and believes, do not constitute or comprise the entire northwest quarter of said section 19 or one-fourth of the area contained within the confines of said section 19 as bounded by the section lines thereof, but on the contrary are deficient in quantity of lands embraced within and constituting the northwest quarter of said section."

The prayer of the complaint is (1) that defendants be required to execute and deliver to plaintiff deeds "for the lands covered by the description embodied in the contract upon which this action is based, to-wit, the northwest quarter of section 19, township 1 south, range 26 east, of Montana principal meridian, or so much thereof as the defendants aforesaid own, hold and possess; (2) that a just, proper and equitable deduction from the purchase price provided for by the terms and conditions of the contract set forth in plaintiff's first and second cause of action herein may be made on account of any deficiency in the quantity of said lands, and that upon the payment of the residue of the said purchase price" the defendants be required to execute and deliver to plaintiff a

conveyance "for so much of the lands as it may be found and determined that the defendants held and possessed at the time of the making and entering into of this contract"; (3) that defendants be required to convey the forty-five shares of stock in the ditch company to plaintiff in accordance with their agreement.

The second amended answer of the defendants admitted the ownership of the land and shares of stock in the ditch company, the execution of the agreement set out in the complaint, that plaintiff paid defendants the sum of $6,000 at the time of the execution of the agreement and had made the payment of $2,000 due on January 1, 1919, and denied any knowledge or information sufficient to form a belief as to the number of acres contained in the tract of land owned by them, and which they sold and agreed to convey to plaintiff. The answer then alleges that the tract of land mentioned in the agreement as the northwest quarter of said section 19, consists of the northeast quarter of the northwest quarter and lots 1 and 2 and so much of lot 5 of said section as lies north of the extended south line of said lot 2; that because only a portion of said lot 5 was owned by defendants it was impossible to describe defendants' tract of land by giving the government numbers or subdivision designations therefor for which reason the same was described as the northwest quarter of said section, which was the usual and customary way of describing similar tracts of land in Yellowstone county (which custom is set out more in detail), and that it was in accordance with such general custom that the land was designated as the northwest quarter, and not for the purpose of indicating that 160 acres of land were included in the tract sold.

It is further alleged that the land was sold as one entire tract—being the farm belonging to the defendants; that the sale was made in gross and for a lump sum, not as any particular number of acres or on an acreage basis; that defendants never quoted or offered to sell the lands, improvements, and water stock to plaintiff on an acreage basis or any

[68 Mont. 413.]

specified sum per acre; that they did not represent that the premises sold contained 160 acres or any particular number of acres. The prayer of the answer is that plaintiff take nothing and that defendants recover from plaintiff the sum of $19,500 with interest at eight per cent per annum from March 1, 1919.

All the affirmative allegations of the answer were put in issue by the plaintiff's reply thereto.

The case was tried without a jury, and the court made findings of fact to the effect that the land was sold in an entire tract, for a lump sum of money, that it was not sold on an acreage basis, and that the purchase price was not based upon any agreed price per acre, and that no representations were made to plaintiff as to the number of acres contained in the farm which he purchased and which is the subject of the action. As conclusions of law the court found that defendants were entitled to recover from plaintiff the balance of the purchase price of the land, to-wit, $19,500, with interest from March 1, 1919, and that upon payment of that amount plaintiff was entitled to a conveyance of the property described in the complaint.

On January 10, 1921, a judgment was entered reciting the findings and conclusions of the court, and also the following: "It further appears to the court, from written stipulation of counsel filed herein, that the land in question has been conveyed by defendant to plaintiff; that plaintiff has paid the purchase price therefor, with the exception of that portion of the purchase price which was in dispute; that the amount of the unpaid purchase price was $3,583.59; that said sum of money was deposited by plaintiff in the Merchants' National Bank of Billings on time certificate of deposit to be paid to such one of the parties to this action, or divided between them, as may be finally determined by the court"; and then adjudging the defendants recover from plaintiff the sum of $3,583.59, as evidenced by the certificate of deposit for that amount in the Merchants' National Bank of Billings.

. Plaintiff made a motion for new trial which was overruled on December 30, 1921, and has appealed to this court from both the judgment and the order overruling his motion for new trial.

It is difficult to understand plaintiff's position on these [1] appeals. Notwithstanding the fact that in his complaint he asks that defendants be required to specifically comply with the terms of the written instrument which he designates as a contract, by making a conveyance to him of the property which it describes, and the further fact that a recital in the decree shows that such a conveyance had been made during the pendency of the action, his entire brief is devoted to an effort to establish as a matter of law that the instrument which he designated as a contract was not such in fact, in the light of the testimony, because (1) the land which by its terms was to be conveyed was not described with sufficient certainty to enable it to be located, and (2) that the minds of the parties thereto never met upon the proposition of the amount of land to be conveyed under its terms. For these reasons only he argues that the judgment should be reversed and the cause remanded, with directions that it be dismissed.

In the view which we take of the record, whether the instrument referred to in the complaint was a valid contract, subject to enforcement as such in an action for its specific performance, has become a moot question, interesting perhaps from an academic point of view, but its decision could not result in any practical relief to the parties to this suit, since, according to the solemn declaration of the judgment entered herein, they have by stipulation consummated the deal contemplated in the instrument, irrespective of any defects which may have existed therein.

"It is not within the province of appellate courts to decide abstract, hypothetical, or moot questions, disconnected from the granting of actual relief, or from the determination of which no practical relief can follow." (3 C. J. 358.)

[68 Mont. 413.]

This court has on numerous occasions decided that when it is made to appear on appeal that there is no controversy left to be determined, the appeal will be dismissed. (*State ex rel. Begeman* v. *Napton,* 10 Mont. 369, 25 Pac. 1045; *Snell* v. *Welch,* 28 Mont. 482, 72 Pac. 988; *In re Black's Estate,* 32 Mont. 51, 79 Pac. 554; *State ex rel. Brass* v. *Horn,* 36 Mont. 418, 93 Pac. 351; see, also, *Carlson* v. *City of Helena,* 38 Mont. 581, 101 Pac. 163.)

The rules above announced are applicable here. If appellant's contention should be sustained, if this court should by its decision declare that the instrument set out in the complaint did not constitute a contract whose specific performance could be decreed, no useful purpose would be served, since, according to the recitals in the decree entered in the lower court, which recitals were inserted pursuant to stipulation of the parties, the land in question has been conveyed by defendants to plaintiff and "plaintiff has paid the purchase price therefor, with the exception of that portion of the purchase price which was in dispute." Under these circumstances no practical result could follow from a determination of the points made by appellant.

It is true that the stipulation under which the foregoing recital was made in the court's decree declares that the case shall proceed as though the land had not been conveyed and no part of the purchase money paid, and that no proceedings had thereunder should be referred to in the trial, but that the same "shall proceed the same as though this stipulation were not entered into." But the stipulation further provides: "So far as necessary to protect the rights of the parties hereto, this stipulation, or the substance thereof, shall be incorporated in the final decree in this suit."

While the stipulations of counsel in the conduct of litigation [2] are to be regarded upon all proper occasions, they may not, by such a stipulation as this one, deprive the court of the right to consider the whole of the judgment appealed from,

and thereby present a moot question to this court as the basis of a judicial decision.

For the reasons indicated and upon the authorities above cited, the appeals in this case are dismissed.

*Dismissed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.

Rehearing denied December 17, 1923.