GEORGE W. WILSON, TED KNIGGE AND JOE HAWKINS, PLAINTIFFS AND APPELLANTS, *v.* STATE HIGHWAY COMMISSION OF THE STATE OF MONTANA, AND TED JAMES, L. V. SWANSON, OTIS S. WATERS, S. N. HALVORSON, AND ROY L. SORRELS, AS MEMBERS OF AND CONSTITUTING THE STATE HIGHWAY COMMISSION OF THE STATE OF MONTANA, DEFENDANTS AND RESPONDENTS,

FARMERS UNION GRAIN TERMINAL ASSOCIATION, A CORPORATION, INTERVENOR.

No. 10245.
Submitted January 25, 1962. Decided April 13, 1962.
370 P.2d 486.

Cedor B. Aronow (argued orally), David O. DeGrandpre (argued orally), Shelby, for appellants.

Daniel J. Sullivan (argued orally), Helena, and Leo C. Graybill, (argued orally), Great Falls, for respondents.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

The Farmers Union Grain Terminal Association, hereinafter referred to as the G.T.A., made application to the Montana State Highway Commission, hereinafter referred to as the commission, for an encroachment permit on a portion of unused highway right of way.

The permit was requested for the purpose of allowing the G.T.A. to construct a spur track to be used in connection with its grain storage business. The proposed spur track was to be an extension of the existing track and was to be built on approximately 225 feet of unused highway right of way. At one point the spur track was to have crossed a county road. The County Commissioners of Toole County have approved a new routing of this county road and have granted the G.T.A. an easement over the old road.

The permit in question is designated as a revocable encroachment permit. Under the terms of the permit, it may be cancelled by the Commission upon sixty days notice and the G.T.A. would be required to remove the improvements placed on the land at its own expense.

It appears that the Commission has developed an extensive practice of issuing encroachment permits. Thirty-two such permits have been issued in Toole County and several thousand have been issued statewide. The great majority of these permits were for road approaches, pipelines, fences and telephone lines.

The plaintiffs brought the present action to enjoin the Com-

mission from issuing an encroachment permit to the G.T.A. The plaintiffs claim an interest as citizens and taxpayers of Toole County and the State of Montana. The G.T.A. filed a complaint in intervention and became a party defendant.

The cause was tried and judgment was entered for the defendants. Plaintiffs have taken this appeal on the grounds that the judgment is contrary to the evidence and to the law.

At no time prior to this appeal has the encroachment permit in question been issued.

The plaintiffs have raised two major arguments. First, it was argued that Article XIII, section 1, of the Montana Constitution, prohibits the Commission from granting the encroachment permit. Article XIII, section 1, provides:

"Neither the state, nor any county, city, town, municipality, nor other subdivision of the state shall ever give or loan its credit in aid of, or make any donation or grant, by subsidy or otherwise, to any individual, association or corporation   *   *   *."

The plaintiffs argue that the encroachment permit would constitute a gift from the state to the G.T.A. There is some question as to how much consideration was to be charged for the permit, although the plaintiffs urge that any charge would just be nominal.

The plaintiffs next argued that the Commission was without authority, express or implied, to grant the encroachment permit, and that as an administrative agency it must have such authority before it can act. The Commission admitted that it was without express authority to issue the encroachment permit, but urged that such authority could be implied as necessary for the orderly administration of the highways.

The plaintiffs also contend that there is a question of whether the proposed use of the right of way by G.T.A. would create a traffic hazard. Even if we felt inclined to pass upon a matter involving such a great deal of discretion in the Commission, the testimony regarding the possible traffic hazard was not a

factor in the decision of the trial court and therefore will not be considered here.

After the judgment was entered by the lower court, but before this appeal was heard, the Legislature passed a statute bearing directly on the questions involved in this case, Chapter 180, Session Laws of 1961, amending section 32-1615, R.C.M. 1947, to provide in part:

"The authority conferred by this chapter to acquire rights of way, easements, lands or other real property and interest therein for state highway purposes includes authority to acquire for reasonably foreseeable future needs. The state highway commission is authorized to lease unused portions of any lands which are held for state highway purposes and interstate rights of way which are not presently needed for highway purposes on such terms and conditions as the state highway commission may fix and to maintain and care for such property in order to secure rent therefrom. All rent so received shall be deposited in the state highway fund."

This statute clearly gives the Commission authority to rent the use of unused highway right of way. Furthermore, it designates the purpose for which this may be done, i. e., to secure rent. Any manner of transferring the land which is inconsistent with this statute is by implication excluded. This rule of statutory construction was acknowledged in Reed v. Reed, 130 Mont. 409, 413, 304 P.2d 590, 592, where this court stated:

"* * * The general rule of statutory construction is applicable, it being that where there is an express mention of certain authority, the mentioning of it implies the exclusion of any other."

It is clear that to the extent the permit system devised by the Commission is in conflict with the above statute, the statute will control. The administrative practice of the Commission has been supplanted by legislative enactment. For example, the

Commission can not give or loan the use of the unused highway right of way as plaintiffs claim was being done under the permit system. Under the statute the land must be leased to secure rent, although the Commission has wide discretion on the terms and conditions.

■■ As a result of the above-cited statute we are of the opinion that this appeal has become moot. This court has power, *sua sponte,* to dismiss any appeal which does not present an actual justiciable controversy. Gill v. Liquor Control Board, 133 Mont. 505, 326 P.2d 974.

■ The statute in question is properly before this court. In Adkins v. City of Livingston, 121 Mont. 528, 531, 194 P.2d 238, this court quoted with approval from 4 C.J.S. Appeal & Error, § 40, wherein it was stated:

"The appellate court may receive proof or take notice of facts appearing outside the record for the purpose of determining the moot character of a question presented to it."

In this case the Commission has not granted the G.T.A.'s application for an encroachment permit. If hereafter it does grant the use of unused right of way, it must do so in accordance with section 32-1615, R.C.M.1947. We must assume that the Commission will not ignore the limitation on its power.

We are of the opinion that this case does not present any justiciable issues. The above-cited statute resolved the question of whether the Commission had power to rent the use of the unused right of way by expressly granting such power. Likewise, the statute disposed of the constitutional question by requiring that the Commission secure rent from the unused right of way. There is nothing left for this court to decide. We do not deem it necessary to rule upon the legality of the administrative procedure which is no longer in effect, and which no longer controls the rights of the parties. A decision on the merits of this appeal would doubtless be of some academic interest, but it would have no practical consequence.

In Fox v. Hacker, 68 Mont. 413, 418, 220 P. 749, 750, this court quoting from 4 C.J.S. Appeal and Error § 40, stated:

" 'It is not within the province of appellate courts to decide abstract, hypothetical, or moot questions, disconnected from the granting of actual relief, or from the determination of which no practical relief can follow.' "

For the foregoing reasons this appeal is dismissed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES DOYLE and JOHN C. HARRISON concur.

MR. JUSTICE ADAIR:

I concur in the result achieved, but not in all that is said in the foregoing opinion.