No. 85-43

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

WEST-MONT COMMUNITY CARE, INC.,

        Petitioner and Appellant,

-vs-

BOARD OF HEALTH AND ENVIRONMENTAL
SCIENCES; DEPARTMENT OF HEALTH AND
ENVIRONMENTAL SCIENCES; JEAN K.
KOMAS and MARJORIE ANDERSON,

        Respondents and Respondents.

---

APPEAL FROM:   District Court of the First Judicial District,
              In and for the County of Lewis & Clark,
              The Honorable Henry Loble, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        J. Cort Harrington, Jr. argued, Helena, Montana

    For Respondents:

        Allen B. Chronister argued, Agency Legal Services,
        Dept. of Justice, Helena, Montana
        Luxan & Murfitt; Patrick Melby argued for Komas
        & Anderson, Helena, Montana

---

                    Submitted:   July 2, 1985

                      Decided:   July 30, 1985

Filed:  JUL 30 1985

                    _Ethel M. Harrison_

---

                        Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

West-Mont Community Care, Inc., (West-Mont) appeals the January 3, 1985, order of the First Judicial District Court affirming an order of the Board of Health and Environmental Sciences (Board) which granted respondents, Jean Komac and Marjorie Anderson, a certificate of need for a home health care agency in Lewis and Clark County. We affirm the order of the District Court, although for a reason different than that relied on by the court.

On January 30, 1984, Jean Komac and Marjorie Anderson, d/b/a Independent Home Health Care (Independent), filed an application with Montana's Department of Health and Environmental Sciences (Department) for a certificate of need to establish a home health care agency in Lewis and Clark County. The Department denied Independent's application, stating that Lewis and Clark County's home health care needs were already being met by West-Mont Community Care. Independent would only be duplicating West-Mont's services, to West-Mont's detriment.

Independent appealed the Department's decision to the Board of Health and Environmental Sciences (Board). The Board overturned the Department's decision, stating that both state and federal law required the Department to consider the effect of competition on the provision of home health care services when reviewing a certificate of need and that the Department had failed to do so. Then, relying on the competition criterion, the Board granted the certificate of need.

West-Mont appealed the decision of the Board to District Court and lost. West-Mont now appeals to this Court, contending that the federal criterion of competition has never been properly adopted by Montana and that, therefore, the

2

Board erred in basing its decision to grant the certificate of need on the competition factor.

Specifically, West-Mont raises the following issues on appeal:

1. When the Montana Legislature incorporated by reference "Title 42, CFR, Part 123, as amended" in § 50-5-304(1)(n), MCA, it either:

a. Intended to incorporate 42 CFR, Part 123 as it existed on July 1, 1979, which does not contain competition as a review criterion; or

b. Intended to include future amendments to 42 CFR, Part 123, which would be an unconstitutional delegation of legislative authority to the Secretary of Health and Human Services.

2. If incorporation of the federal rules is discretionary rather than mandatory, the criterion of competition still may not be considered as it has never been properly adopted pursuant to the Montana Administrative Procedures Act.

3. For purposes of certificate of need review, does "need" include "need for competition" under the Montana statutes alone?

4. Is the Board's finding that Independent's application will not have an adverse effect on the existing home health agency and is consistent with Montana's health systems plan supported by reliable, probative and substantial evidence on the whole record?

5. Is the Board's finding that there are no less costly, quality-equivalent, or more effective methods of providing Independent's proposed services clearly erroneous?

The case was orally argued to this Court on May 16, 1985. At that time Mr. Patrick Melby, attorney for Independent, advised this Court that the Department of Health and

3

Environmental Sciences was considering the adoption of an administrative rule which would incorporate into the State's review criteria for a certificate of need the specific federal regulations at issue, including the need for competition. Those rules were adopted by the Department on May 30, 1985. In light of this development, the parties were asked to brief the following additional issue:

> "May this Court consider an administrative rule promulgated by the respondent Department of Health and Environmental Sciences after filing of the notice of appeal wherein there is adopted now existing federal regulations which may be material to the cause and may the same be considered by this Court in the determination of this cause?"

Our resolution of this issue renders consideration of West-Mont's issues one through three unnecessary.

Generally, an appellate court must apply the law in effect at the time it renders its decision. Thorpe v. Housing Authority of the City of Durham (1969), 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474. Montana followed this principle in Wilson v. State Highway Commission (1962), 140 Mont. 253, 370 P.2d 486. There, after judgment for the Highway Commission was entered in the trial court, the legislature enacted a statute granting the Highway Commission the authority to perform the act at issue. This Court held the appeal of the trial court judgment to be moot, stating:

> "We are of the opinion that this case does not present any justiciable issues. The above-cited statute resolved the question of whether the Commission had power to rent the use of the unused right of way by expressly granting such power. Likewise, the statute disposed of the constitutional question by requiring that the Commission secure rent from the unused right of way. There is nothing left for this court to decide. We do not deem it necessary to rule upon the legality of the administrative procedure which is no longer in effect, and which no longer controls the rights of the

4

parties. . . ." _Wilson_, 140 Mont. at 257, 370 P.2d at 488.

This principle applies to administrative regulations as well as statutes.

> "'[I]f subsequent to the judgment and before the decision of the appellate court, a law intervenes and positively changes the rule which governs, the law must be obeyed, or its obligation denied. If the law be constitutional, * * * I know of no court which can contest its obligation. . . .'
>
> "This same reasoning has been applied where the change was constitutional, statutory, or judicial. _Surely it applies with equal force where the change is made by an administrative agency acting pursuant to legislative authorization._" _Thorpe_, 393 U.S. at 282, 89 S.Ct. at 526, 21 L.Ed.2d at 484, quoting Chief Justice Marshall in United States v. Schooner Peggy (1801), 1 Cranch 103, 110, 2 L.Ed. 49, 51. (emphasis supplied) (footnotes omitted)

Retroactive application of new rules is impermissible only if it "takes away or impairs vested rights acquired under existing laws or creates new obligations or imposes new duties in respect to transactions already past." Castles v. State ex rel. Montana Department of Highways (1980), 187 Mont. 356, 360, 609 P.2d 1223, 1225, citing City of Harlem v. State Highway Commission (1967), 149 Mont. 281, 284, 425 P.2d 718, 720. There is no retroactive application problem here as no vested rights are involved. "[I]t is well established that the rights which may 'vest' through reliance on a government permit are no greater than those specifically granted by the permit itself." Santa Monica Pines, Ltd. v. Rent Control Board of the City of Santa Monica (Cal. 1984), 679 P.2d 27, 32. West-Mont's permit to operate a home health care agency certainly does not guarantee West-Mont that it will always operate as a monopoly, free of competition. Rather, the operation of a home health care agency is a

privilege subject to conditions imposed by the State of Montana through its certificate of need program. See Petition of Morris (1978), 175 Mont. 456, 575 P.2d 37, where we held the practice of law to be a privilege burdened with conditions.

We would not apply the new rules to this case if such application would, in any way, prejudice West-Mont. However, the application of the new rules does not deprive West-Mont of a fair hearing. It is undisputed that the Board thought it was to consider the competition criterion. Each party had an adequate opportunity to present its case on that issue at the administrative hearing. In fact, nearly all the testimony and evidence offered by each party centered around the criteria of cost and competition.

In Wilson, supra, a permit had not yet been issued. This Court ordered that the new rule be considered when determining whether or not to issue the permit. Here, although the certificate of need has been issued (pending this appeal), the Board considered the competition criterion when determining whether or not to issue the certificate of need. There was no harm or prejudice to West-Mont.

West-Mont alleges in its supplemental brief that the Department failed to properly incorporate 42 CFR 123.412 into A.R.M. § 16.32.110. We do not agree. The federal regulation is properly cited. The administrative rule indicates that the criteria in the federal regulation are to be adopted in Montana. To require a listing of the criteria would defeat the rationale for allowing the incorporation of other material in the Administrative Rules of Montana, the saving of space and money. The cite in and of itself provides the public with the needed information on where the material is located.

We hold that A.R.M. § 16.32.110, adopted May 30, 1985, is the proper rule to be considered by this Court in the determination of this cause. Therefore, this Court will consider the need for competition when determining whether or not the evidence presented to the Board supports the issuance of a certificate of need to Independent.

West-Mont objects to two of the Board's findings of fact on the basis that they are not supported by reliable, probative and substantial evidence on the whole record and that they are clearly erroneous. Those findings are:

> "10. There are no less costly, quality-equivalent or more effective methods of providing the proposed services. [§ 50-5-304(1)(d), MCA]
>
> "* * *
>
> "14. The establishment of Independent will not have an adverse financial impact on the existing health care system and is not inconsistent with joint planning efforts by health care providers in the area. [§ 50-5-304(1)(f), MCA]"

The trial court judge affirmed those findings, stating simply that:

> "The Court shall not disturb the findings of the Board with respect to the criteria found in Section 50-5-304(1)(a), (c), (d), and (f). There is substantial evidence to support their findings."

We agree with the trial court. "If the record contains support for the factual determinations made by the agency, the courts may not weigh the evidence. They are bound by the findings of the agency." City of Billings v. Billings Firefighters Local No. 521 (Mont. 1982), 651 P.2d 627, 632, 39 St.Rep. 1844, 1849. There is ample evidence in the record to support the findings of the Board.

Regarding finding of fact no. 10, West-Mont contends that Independent's planned service is not of a quality equivalent to that of West-Mont because Independent does not

7

intend to hire a nursing supervisor. However, Jean Komac testified at the hearing before the Board that Independent plans on hiring two nursing supervisors to work alternate shifts. Those supervisors would also provide direct services, but would not be supervising at the same time. (See transcript, pp. 117-118.) There is sufficient evidence for this Court to affirm the decision of a Board with expertise in the area that such an arrangement will provide quality service to Independent's clientele.

With respect to finding of fact no. 14, West-Mont alleges that the Board failed to consider that Independent would be duplicating services offered by West-Mont, contrary to Montana's Health Systems Plan. While Montana's Health Systems Plan does not encourage duplication of services, it does allow for duplicating where it is deemed appropriate. Polson, Missoula and Great Falls all have competing home health care agencies. An auditor from Blue Cross testified that the competition has little adverse effect on those agencies.

> "It depends basically on a couple of factors. It depends on their financial acumen. If they can handle it, if they can handle the competition, then they're going to become more efficient. If they cannot become more efficient, then they will not survive." Tr. p. 22.

In addition, there was substantial testimony indicating that competition in the home health care field in Lewis and Clark County would reduce the cost of the service, with no adverse effect on patient services.

The auditor quoted previously also testified that:

> ". . . I would be very leery to say that instituting two home health agencies in a community would have a detrimental effect on patient services. In my own personal opinion, I cannot in any conscience say that this would not be a good thing. I think it would be a good thing to have

8

this competition. It makes both home health agencies more efficient. It serves the patients better because we have a drive, a real need to perform against each other. And that's simply my opinion. I think the community as well as HCFA -- another thing I should mention is HCFA is on a cost drive right now, to reduce costs paid to providers of services. As for their goal, in reaching this goal, instituting a competition-type situation would probably be a good thing. It would probably serve their purposes quite well." Tr. p. 28.

Mr. Robert Johnson, Director of the Lewis and Clark County Health Department, testified as follows:

"Q Bob, do you have an opinion of whether or not competition in the home health care area would advance the purposes of quality assurance in those services?

"A No, I don't think that it would affect the quality much. I have no question right now that West Mont Home Health Care is providing high quality services and I think that those agencies are regulated to the extent by various federal and state agencies that their quality of service is relatively guaranteed. I think, however, that the real issue, for me in my opinion, at least, is cost, the charge for that service.

"Q You're saying that competition in home health care would advance the purposes of cost effectiveness?

"A I think so." Tr. pp. 66-67.

There is substantial credible evidence in the record to support the Board's determination that a certificate of need should be issued to Independent.

Affirmed.

Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices