No. 93-631

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

MICHAEL BROCKIE, as Personal
Representative of the Estate
of ARIC C. BROCKIE, Deceased,

        Plaintiff and Appellant,

   v.

OMO CONSTRUCTION, INC.,

        Defendant and Respondent.

APPEAL FROM:   District Court of the First Judicial District,
              In and for the County of Lewis and Clark,
              The Honorable Jeffrey Sherlock, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

              Kurt M. Jackson, Hoyt & Blewett,
              Great Falls, Montana

        For Respondent:

              Michael J. Milodragovich and
              Margaret L. Sanner, Milodragovich,
              Dale & Dye, Missoula, Montana

**FILED**

DEC 13 1994

Filed: *Ed Smith*
   CLERK OF SUPREME COURT
     STATE OF MONTANA

Submitted on Briefs:  June 23, 1994

Decided:  December 13, 1994

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Appellant Michael Brockie, as personal representative of the estate of Aric Brockie, appeals from an order of the First Judicial District Court, Lewis and Clark County, denying appellant's request for a new trial on the question of damages for the survivorship action.

Following filing of his appeal, appellant filed a notice of subsequent authority pursuant to this Court's recent decision in Newville & Gannet v. State of Montana, Department of Family Services (Mont. 1994), 51 St. Rep. 758, asking us to apply Newville retroactively to the wrongful death award. We discuss the application of the Newville decision in this opinion.

Reversed and remanded.

We state the issues as follows:

1.  Was the jury's special verdict finding zero survivorship damages to the estate of Aric Brockie contrary to the evidence?

2.  Did the District Court err by denying appellant's motion for a partial new trial on the issue of the survivorship damages sustained by Aric Brockie's estate?

Aric Brockie was killed in an automobile accident on November 26, 1989, on Interstate 94, east of Billings. Aric was a passenger in a vehicle that skidded on an icy bridge deck and collided with a large, portable construction sign owned by defendant Omo Construction, Inc.

Brockie v. Omo Construction, Inc. was first tried in September 1991, and resulted in a verdict of "no negligence" in favor of

2

defendant Omo. Prior to trial, appellant settled with and released the driver. This court reversed and remanded on the grounds of misconduct by the jury foreman. Brockie v. Omo Construction, Inc. (1992), 255 Mont. 495, 844 P.2d 61.

On remand, the jury returned a special verdict finding Omo 35 percent negligent for proximately causing Aric's injuries and death. The jury found that the non-party driver was 65 percent negligent for proximately causing Aric's injuries and death. The jury awarded Aric's parents $170,000 in wrongful death damages. That amount was adjusted to reflect the 35 percent negligence attributable to Omo. The jury awarded Aric's estate zero dollars in survivorship damages.

Appellant filed a motion for a partial new trial pursuant to Rule 59, M.R.Civ.P., limited to the issue of survivorship damages sustained by Aric's estate. The District Court issued an order denying appellant's motion. Appellant appeals the court's order.

## ISSUE 1

Was the jury's verdict finding zero survivorship damages to the estate of Aric Brockie contrary to the evidence?

Appellant argues that the jury failed in its duty to award survivorship damages to the estate, despite the fact that the evidence and stipulations established funeral and medical expenses and a loss of future earning capacity for the remainder of Aric's work life expectancy.

We have held that it is not the function of this Court to agree or disagree with a jury's verdict. Schulke v. Gemar (1994),

3

264 Mont. 184, 870 P.2d 1378. Arnold v. Boise Cascade Corporation (1993), 259 Mont. 259, 856 P.2d 217. This Court's role is to determine whether there was substantial evidence to support the verdict. Schulke, 870 P.2d at 1380; Arnold, 856 P.2d at 220. If conflicting evidence exists, we do not retry a case because the jury chose to believe one party over another. Simchuck v. Angel Island Community Association (1992), 253 Mont. 221, 833 P.2d 158. However, a "jury may not disregard uncontradicted, credible, non-opinion evidence." Putnam v. Pollei (1969), 153 Mont. 406, 413, 457 P.2d 776, 780.

The record shows that prior to the second trial, the court granted appellant's motion for partial summary judgment finding that Aric survived the accident, entitling his estate to a survivorship claim pursuant to § 27-1-501, MCA, which carries forward the claims the injured party had before death. Montana's survivorship statute, § 27-1-501, MCA, provides in pertinent part:

> (1) An action, cause of action, or defense does not abate because of the death or disability of a party or the transfer of any interest therein, but whenever the cause of action or defense arose in favor of such party prior to his death or disability or transfer of interest therein, it survives and may be maintained by his representatives or successors in interest. . . .
> (2) Actions brought under this section and 27-1-513 must be combined in one legal action, and any element of damages may be recovered only once.

The statute allows recovery by the decedent's personal representative of decedent's lost earnings from the time of injury to death; the present value of his reasonable earnings during his life expectancy; his medical and funeral expenses; reasonable

4

compensation for his pain and suffering; and other special damages. Swanson v. Champion International Corp. (1982), 197 Mont. 509, 515, 646 P.2d 1166, 1169. We have consistently held that the estate's right of recovery in a survivorship action is identical to that of the decedent's had he lived. "No reason exists why the scope of the action should diminish because of his death." Beeler v. Butte & London Development Copper Co. (1910), 41 Mont. 465, 478-79, 110 P. 528, 532; see also Swanson, 646 P.2d at 1169; Hurley v. Star Transfer Co. (1962), 141 Mont. 176, 184, 376 P.2d 504, 508; Autio v. Miller (1932), 92 Mont. 150, 169, 11 P.2d 1039, 1046.

The parties stipulated that Aric's estate incurred funeral and medical expenses totaling $2,601.10. The parties also stipulated that at the time of his death, Aric was 19.45 years old and that he had a work life expectancy of 40.75 years. Appellant presented evidence that in the year before his death, Aric earned $3,239.08 at an Eastern Montana College computer lab. Appellant's expert testified that Aric would have been expected to earn between $878,518 and $1,113,929 during his work life, depending on the type and amount of his education.

In Putnam, the personal representative of a college student killed in an automobile accident brought a survivorship action under § 93-2824, RCM, the predecessor of § 27-1-501, MCA. The plaintiff in Putnam offered expert testimony as to the decedent's potential loss of future earnings; the decedent's life expectancy; and testimony concerning the decedent's employment history, education, and personal abilities. No evidence was submitted as to

5

the amount of money the decedent earned at her employment. The jury returned a verdict of $449.95, the amount of the decedent's personal property destroyed in the accident. The jury awarded nothing for the decedent's loss of future earning capacity. The district court set aside the verdict and ordered a new trial limited to the issue of damages and held that there was insufficient evidence to support a verdict that the decedent had no future earning capacity. We affirmed and stated that the verdict was impossible, given the uncontradicted evidence which established an earning capacity at the time of death. We held that "there was no substantial evidence justifying the jury verdict awarding no damages for decedent's loss of earning capacity." Putnam, 457 P.2d at 413.

In the present case, the evidence offered by appellant to establish survivorship damages was either stipulated to or offered without contradiction. The jury did not have the choice whether to believe one party's evidence over the other. As a result, the jury's verdict in the present case is as impossible as was the verdict in Putnam. There is no substantial evidence to justify the jury's failure to award survivorship damages.

In Rudeck v. Wright (1985), 218 Mont. 41, 709 P.2d 621, Mr. Rudeck died after a "lap mat" was negligently left in his stomach during surgery. His wife filed two medical malpractice claims for wrongful death, and in her capacity as personal representative of her husband's estate, for his survival claims. The jury returned a verdict awarding Mrs. Rudeck $75,000 on her wrongful death claim

6

and zero on the estate's survival claim. The district court granted Mrs. Rudeck's motion for a new trial. The defendant appealed.

We affirmed and held that the jury's verdict in awarding damages on the wrongful death claim, but no damages on the survival claim, was "totally inconsistent and contrary to the mandates of the law." Rudeck, 709 P.2d at 624.

> If Mr. Rudeck's death was caused by the negligence of defendant Wright, then the earlier injury to Mr. Rudeck which culminated in his death must have been caused by the same negligence. If the same negligence . . . caused the personal injury to the living Mr. Rudeck and that same negligence caused his later death, the jury would be compelled to award damages for Mr. Rudeck's personal injury (which were sought in the survival claim on his behalf by the personal representative of his estate) as well as awarding damages on the wrongful death claim. Because the jury did not do so, its verdict is inconsistent and is against the law.

Rudeck, 709 P.2d at 624.

Aric Brockie's death was caused in part by respondent's negligence. The injuries to the living Aric Brockie were caused by the same negligent acts of respondent that resulted in Aric Brockie's death. The jury, therefore, was compelled to award survivorship damages for Aric's personal injuries. We conclude, as we did in Rudeck, that because the jury failed to award damages for Aric's personal injuries caused by respondent's negligence, its verdict is "totally inconsistent and contrary to the mandates of the law." Rudeck, 709 P.2d at 624.

7

We hold that the jury's special verdict finding zero survivorship damages to the estate of Aric Brockie was contrary to the evidence.

## ISSUE 2

Did the District Court err by denying appellant's motion for a partial new trial on the issue of survivorship damages sustained by Aric Brockie's estate?

A new trial may be granted on grounds of insufficient evidence to justify the verdict. Section 25-11-102(6), MCA. Our standard of review of a ruling on a motion for a new trial is whether the district court abused its discretion. Estate of Spicher v. Miller (1993), 260 Mont. 504, 506, 861 P.2d 183, 184; Gass v. Hilson (1990), 240 Mont. 459, 461, 784 P.2d 931, 933. Under Rule 61, M.R.Civ.P., the trial court must determine whether a refusal to grant the motion for a new trial would appear inconsistent with substantial justice.

In Issue 1, we held that there was insufficient evidence to justify the jury's verdict as to survivorship damages. By answering Issue 1 in the affirmative, we must necessarily answer Issue 2 in the affirmative pursuant to § 25-11-102(6), MCA, and our decisions in Putnam and Rudeck.

We hold the District Court erred by denying appellant's motion for a new trial on the issue of the survivorship damages sustained by Aric Brockie's estate. This matter is remanded to the District Court for a new trial on the issue of survivorship damages.

8

Appellant's notice of subsequent authority pursuant to our decision in <u>Newville</u> asks us to apply <u>Newville</u> retroactively to the wrongful death award. In that case, we concluded that the allocation of percentage of liability to non-parties violates substantive due process. We held that the relevant portion of § 27-1-703(4), MCA, is unconstitutional. When a statute is declared unconstitutional, it is void *ab initio*. State v. Coleman (1979), 185 Mont. 299, 319, 605 P.2d 1000, 1013.

Respondent argues that <u>Newville</u> should not be applied retroactively. Respondent concedes that the general rule regarding "change of law" is that this Court must apply the law that is in effect at the time it renders its decision. Lee v. Flathead County (1985), 217 Mont. 370, 704 P.2d 1060. Respondent asserts that the changed law should not be applied when it is necessary to prevent manifest injustice. See West-Mont Community Care v. Board of Health and Educational Sciences (1985), 217 Mont. 178, 703 P.2d 850. Respondent argues that application of the statute as amended would result in manifest injustice because respondent relied on the pre-<u>Newville</u> statute and did not name the driver as the third-party defendant. Had the trial taken place under the law after <u>Newville</u>, respondent maintains it would have protected its rights to indemnity and contribution from the driver by naming him as a third-party defendant.

Alternatively, respondent argues that in cases where new law has been applied retroactively, this Court has allowed the prejudiced party a new trial and the opportunity to amend the

9

pleadings. Haines Pipeline v. MPC (1991), 251 Mont. 422, 830 P.2d 1230.

Both parties relied on pre-Newville law when presenting their cases at trial. The general rule is that a change of law between the law applied at trial and the time of appeal requires this Court to apply the changed law. Haines, 830 P.2d 1230; Lee, 704 P.2d 1060; West-Mont, 703 P.2d 850; Wilson v. State Highway Commission (1962), 140 Mont. 253, 370 P.2d 486.

An exception to the general rule, is that the new law will not be applied when it is necessary to prevent manifest injustice. Haines, 830 P.2d at 1238. This Court has defined manifest injustice as an application of a new law that impairs a vested right. West-Mont, 703 P.2d at 852. "A judgment is not a vested right while it is subject to review or while an appeal is pending." Haines, 830 P.2d at 1238.

Because this case is still on appeal, respondent has no vested right in the pre-Newville application of § 27-1-703(4), MCA.

The jury found respondent 35 percent negligent, and the non-party driver 65 percent negligent, in causing Aric's injuries and death. The jury awarded appellant $170,000 in wrongful death damages, and the court adjusted that amount to $59,000 to reflect the jury's allocation of negligence.

On remand, the District Court will reinstate the full amount of the wrongful death award pursuant to our decision in Newville. That amount will be offset dollar-for-dollar by the pretrial settlement with the non-party driver.

10

We reverse the jury verdict finding zero survivorship damages and remand for a new trial limited to the issue of survivorship damages.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

11

Justice Fred J. Weber dissents as follows:

The majority opinion states issue one as follows:

1.  Was the jury's verdict finding zero survivorship damages to the estate of Aric Brockie contrary to the evidence?

That statement of the issue addresses only a part of the aspects which should be considered on this issue.  I suggest that the defendant's statement of issue is more complete:

1.  Whether the district court abused its discretion in refusing to grant a new trial on the sole issue of survivorship damages where the jury awarded $170,000 as wrongful death damages.

In considering this issue, it is necessary to keep in mind the questions answered by the jury in the special verdict form prepared by the plaintiff:

QUESTION NO. 6:
    Without making any reductions for percentages of negligence, what are the total damages sustained by Michael and Susan Brockie as the heirs of Aric Brockie?

ANSWER:
    $  170,000

    If you have assessed damages in answer to question number six, you must answer question number seven.  If you have not assessed damages in answer to  question number six, you must proceed to answer question number seven.

QUESTION NO. 7:
    Without making any reduction for percentages of negligence, what are the total damages sustained by the estate of Aric Brockie as the result of his death?

ANSWER:
    $      -0-

From the wording of the special verdict it appears quite possible that survivorship damages could have been included in the $170,000 answer to question six.  That was the view of the trial

12

judge.  Following is the analysis of the District Court in which it denied plaintiff's request for a new trial on the issue of survivorship damages only:

ORDER ON PLAINTIFF'S REQUEST FOR A NEW TRIAL

The jury in this matter returned its verdict on October 20, 1993.  In that verdict, the jury found that the total damages suffered by Michael and Susan Brockie as the heirs of Aric Brockie were $170,000.  The jury further found that Defendant Omo was 35 percent negligent, which translates into an award of $59,500 for the Brockies.  The attorneys for the Brockies have moved for a new trial on the issue of survivorship damages alone.  The Brockies argue that there is no dispute but that Aric survived the accident and had a survivorship action.  The Court agrees that this was undisputed.  . .

Defendant contends that the jury could totally disregard the expert testimony if they wanted to.  This is consistent with the supreme court holding in Putnam v. Pollei, 153 Mont. 406, 457 P.2d 776 (1969).  . . . <u>Neither in that special verdict form nor in the closing arguments did Plaintiff's attorneys offer any guidance to the jury as to how the damages were to be split up between Aric's parents as the heirs in a wrongful death action and damages to be awarded to the personal representative of the estate</u>.  It would not have been difficult at all for such a jury questionnaire to have been drafted and offered, but none was.

The Brockies insist that they have not had a fair trial.  This Court feels that they have received a fair trial.  All of the evidence that they wanted introduced was introduced.  The special verdict form that they offered was used by the Court.  <u>The $170,000 that the jury did award could well have been to compensate for Aric's medical and funeral expenses, along with his earning capacity and damages to his parents</u>.  This we will never know.  Primarily we will not know this because of the way the verdict form was crafted.  <u>For Plaintiff's counsel to now complain about the verdict form that was crafted by Plaintiff does not find a receptive audience with this Court</u>.  Further, this is not a case as was <u>Putnam</u> where damages of $445 were awarded, nor was it a case such as Flaherty v. Butte Electric Railway, 42 Mont 89, 111 P.2d 348 (1910) where $100 damages were awarded for the loss of a three year old child.

To allow a new trial on the survivorship action alone would allow Plaintiff to keep the money they have already won and roll the dice again.  <u>They have won a</u>

13

> substantial award from the jury, and the fact that it is not broken out between the survivorship and wrongful death action is not the fault of Defendant nor this Court.
>
> Therefore, Plaintiff's request for a new trial on the question of damages for the survivorship action is hereby denied. (Emphasis supplied.)

In addressing this issue, the majority opinion emphasizes the uncontradicted evidence which establishes survivorship damages which should have been awarded, including funeral and medical expenses in the amount of $2,601.10 and earnings testified to by the plaintiff's expert in an amount of $878,518 to $1,113,929. The majority opinion then concludes there is no substantial evidence to justify the jury's failure to award such survivorship damages.

The foregoing analysis does not address the specific matters considered by the District Court in its denial of new trial. An example is the reference of the majority opinion to Putnam v. Pollei (1969), 153 Mont. 406, 457 P.2d 776, in which the statement is made that the jury's verdict in the present case is as impossible as was the verdict in Putnam. This fails to address the analysis correctly made by the District Court where it pointed out that in Putnam, the damages awarded were only $449.25, whereas in the present case, damages were awarded in the amount of $170,000 and that amount could have included survivorship damages.

In a similar manner, the majority opinion relies on Rudeck v. Wright (1985), 218 Mont. 41, 709 P.2d 621. The majority opinion points out that in Rudeck, a new trial was awarded in a case in which the jury returned a verdict awarding Mrs. Rudeck $75,000 on a wrongful death claim and $0 on the estate's survival claim. The

14

key difference between Rudeck and the present case is that in Rudeck the Court allowed a new trial on all issues so that Mrs. Rudeck was not allowed to retain the $75,000 awarded her on the wrongful death damages and try again the issue of the estate's survivorship damages.

As above quoted, the District Court concluded plaintiff had a fair trial. It emphasized that the special verdict form had been prepared by the plaintiff and that the "$170,000 that the jury did award could well have been to compensate for Aric's medical and funeral expenses, along with his earning capacity and damages to his parents. This we will never know." The District Court further emphasized that neither in the special verdict form nor in the closing arguments did plaintiff's attorneys offer any guidance to the jury as to how damages were to be divided between Aric's parents as his heirs in a wrongful death action and damages to be awarded to the personal representative of the estate.

I conclude there is no proper basis for overturning the denial of a new trial by the District Court, and I dissent on Issue I.

On Issue I, I do point out that the argument which appeared strongest to me in behalf of the plaintiff was the possible contradiction between the various instructions. Instruction No. 24 stated as follows:

> Your award should include reasonable compensation for burial expenses and funeral services for the deceased and any reasonable medical charges which were incurred in connection with the death.

Defendant argues that this instruction fails to clearly tell the jury that the amount relating to medical and funeral expenses

15

should be allocated to the estate on a survivorship claim. That argument does not consider the strongest argument under Instruction No. 34 which stated:

> Your award should include reasonable compensation to <u>Aric Brockie's estate</u> for:
> The amount of lost earnings between the time of death and the time of trial; the present value of Aric Brockie's reasonable earnings after the date of trial during the remainder of his life expectancy; and reasonable compensation for decedent's loss of established course of life. (Emphasis supplied.)

While it is true that the special verdict form did not sufficiently advise the jury as to how to divide the damages, and while there was no explanation made by the plaintiff in the course of final argument, the above instruction certainly raises a significant issue. As a result, I believe it would have been proper for the majority opinion to conclude that there was sufficient confusion here to require a new trial and then to order a new trial on <u>all aspects</u> of the case. This would include a new trial on the issue of the $170,000 of damages. It would also allow consideration of the <u>Newville</u> case which is hereafter mentioned.

Issue II is stated by the majority opinion as:

> Did the District Court err by denying appellant's motion for a partial new trial on the issue of survivorship damages sustained by Aric Brockie's estate?

The defendant's proposed issue is stated as follows:

> Whether a jury award allocating $170,000 in wrongful death damages to the decedent's heirs, but $0 dollars in survivorship damages to the decedent's estate, is reversible as contrary to the law when the plaintiff-appellant failed to provide any guidance or instructions to the jury concerning allocation of damages, and the jury followed all instructions actually given to it.

16

The majority opinion concluded that its answer on issue one required a reversal of the District Court. The authority for this decision is <u>Putnam</u> in which the key distinction from this case was the award to Putnam of insignificant damages in the amount of $449.25. The distinction from <u>Rudeck</u> is that in <u>Rudeck</u>, the entire case was remanded for a new trial including the $75,000 awarded, as compared to the present case where the plaintiff is allowed to retain his share of the $170,000, but is allowed to go to trial on the issue of survivorship damages.

For the reasons set forth under Issue I, I dissent from the conclusion that the District Court erred in denying the plaintiff's motion for a partial new trial on the issue of survivorship damages.

<u>Newville</u> Application

The majority opinion points out that the plaintiff asks us to apply Newville v. Montana Department of Family Services (Mont. 1994), 51 St.Rep. 758, 882 P.2d 793, retroactively to the wrongful death award of $170,000. I think it important to quote the pertinent portions of <u>Newville</u>:

> <u>We conclude that the allocation of percentages of liability to non-parties violates substantive due process as to the plaintiffs</u>.
> We hold that the following portion of § 27-1-703(4), MCA (1987), violates substantive due process:
>> . . . persons released from liability by the claimant, persons immune from liability to the claimant, and any other persons who have a defense against the claimant . . .
>
> . . .
>
> We further conclude that the remainder of the statute is capable of being executed in accordance with the legislative intent. As a result of our holding of unconstitutionality, we have eliminated that portion of

17

the statute which allowed an allocation of negligence to non-parties . . . (Emphasis supplied.)

Newville, 51 St.Rep. at 766-67. For this analysis, the key aspect is that Newville determined there could be no allocation of negligence to non-parties.

In the present case, all of the parties and the District Court as well, concluded that § 27-1-703, MCA (1987), did allow an allocation of negligence to a non-party driver. As a result, the verdict form prepared by the plaintiff and accepted by the defendant and given by the District Court, and used by the jury, resulted in a jury finding that the non-party driver was 65 percent negligent and the defendant Omo was 35 percent negligent. At that point, the understanding of the parties and of the District Court was that the $170,000 in total damages would be reduced by the 65 percent negligence which was attributable to the non-party driver. As a result of the interpretation in the majority opinion, this understanding is disregarded and the $170,000 is reinstated in full. On its face, this demonstrates a manifest injustice to the defendant.

While the majority opinion does not explain the basis for all of its decision, I assume that it is relying on State ex rel. Deere and Co. v. District Court (1986), 224 Mont. 384, 730 P.2d 396, which concluded that the 1985 version of § 27-1-703, MCA, excluded a party against whom recovery was not allowed--and having concluded that recovery was not allowed against a settling defendant, held that there was no right of contribution as to such settling defendant. After Deere was issued, § 27-1-703, MCA, was amended

18

substantially in 1987. This 1987 amendment included the statement that for the determination of the percentage of liability attributable to each party whose action contributed to the injury, the trier of fact should consider the negligence of a number of stated persons, and specifically included persons released from liability by the claimant and persons immune from liability to the claimant. The amended statute required the trier of fact to apportion the percentage of negligence to all such persons. I emphasize the distinction between allowing an allocation of negligence to persons released from liability, and allowing contribution from such persons released from liability. While this view of the statute has not yet been considered by this Court--the contention could be made under the 1987 statute that there can be an allocation of negligence to a third-party defendant who has been released from liability even though there could be no right of contribution from that third-party defendant who has already settled with the plaintiff. As an example, in the present case, if the driver of the vehicle who had settled with the plaintiff had been named as a third-party defendant, and if the jury verdict had been the same as in the present case then the result could have been precisely the same as in the present case--that being an award of $170,000 for all of the damages of the plaintiff, but with the defendant Omo only responsible for 35 percent of the same under the revised statute.

I conclude there is a manifest injustice in the application of Newville to the defendant in the manner which has been accomplished

19

in the majority opinion.  I conclude that Newville is not authority for the application made in the majority opinion because it did not decide whether a party settling with the claimant still could be named as third-party defendant to whom negligence could be allocated.

I dissent from the majority opinion.

_____
                        Justice

Chief Justice J.A. Turnate joins in the foregoing dissent.

_____
                   Chief Justice

Justice Karla M. Gray joins in the foregoing dissent.

_____
                        Justice