JUSTICE HUNT
delivered the Opinion of the Court.
Appellant Michael Brockie, as personal representative of the estate of Aric Brockie, appeals from an order of the First Judicial District Court, Lewis and Clark County, denying appellant’s request for a new trial on the question of damages for the survivorship action.
Following filing of his appeal, appellant filed a notice of subsequent authority pursuant to this Court’s recent decision in Newville & Gannet v. State of Montana, Department of Family Services (1994), [267 Mont. 237], 883 P.2d 793, asking us to apply Newville retroactively to the wrongful death award. We discuss the application of the Newville decision in this opinion.
Reversed and remanded.
We state the issues as follows:
1. Was the jury’s special verdict finding zero survivorship damages to the estate of Aric Brockie contrary to the evidence?
2. Did the District Court err by denying appellant’s motion for a partial new trial on the issue of the survivorship damages sustained by Aric Brockie’s estate?
Aric Brockie was killed in an automobile accident on November 26, 1989, on Interstate 94, east of Billings. Aric was a passenger in a vehicle that skidded on an icy bridge deck and collided with a large, portable construction sign owned by defendant Omo Construction, Inc.
Brockie v. Omo Construction, Inc. was first tried in September 1991, and resulted in a verdict of “no negligence” in favor of defendant Omo. Prior to trial, appellant settled with and released the driver. This court reversed and remanded on the grounds of misconduct by the jury foreman. Brockie v. Omo Construction, Inc. (1992), 255 Mont. 495, 844 P.2d 61.
On remand, the jury returned a special verdict finding Omo 35 percent negligent for proximately causing Aric’s injuries and death. The jury found that the non-party driver was 65 percent negligent for proximately causing Aric’s injuries and death. The jury awarded Aric’s parents $170,000 in wrongful death damages. That amount was adjusted to reflect the 35 percent negligence attributable to Omo. The jury awarded Aric’s estate zero dollars in survivorship damages.
*522 Appellant filed a motion for a partial new trial pursuant to Rule 59, M.R.Civ.R, limited to the issue of survivorship damages sustained by Aric’s estate. The District Court issued an order denying appellant’s motion. Appellant appeals the court’s order.

ISSUE 1

Was the jury’s verdict finding zero survivorship damages to the estate of Aric Brockie contrary to the evidence?
Appellant argues that the jury faded in its duty to award survivorship damages to the estate, despite the fact that the evidence and stipulations established funeral and medical expenses and a loss of future earning capacity for the remainder of Aric’s work life expectancy.
We have held that it is not the function of this Court to agree or disagree with a jury’s verdict. Schulke v. Gemar (1994), 264 Mont. 184, 870 P.2d 1378. Arnold v. Boise Cascade Corporation (1993), 259 Mont. 259, 856 P.2d 217. This Court’s role is to determine whether there was substantial evidence to support the verdict. Schulke, 870 P.2d at 1380; Arnold, 856 P.2d at 220. If conflicting evidence exists, we do not retry a case because the jury chose to believe one party over another. Simchuck v. Angel Island Community Association (1992), 253 Mont. 221, 833 P.2d 158. However, a “jury may not disregard uncontradicted, credible, non-opinion evidence.” Putnam v. Pollei (1969), 153 Mont. 406, 413, 457 P.2d 776, 780.
The record shows that prior to the second trial, the court granted appellant’s motion for partial summary judgment finding that Aric survived the accident, entitling his estate to a survivorship claim pursuant to § 27-1-501, MCA, which carries forward the claims the injured party had before death. Montana’s survivorship statute, § 27-1-501, MCA, provides in pertinent part:
(1) An action, cause of action, or defense does not abate because of the death or disability of a party or the transfer of any interest therein, but whenever the cause of action or defense arose in favor of such party prior to his death or disability or transfer of interest therein, it survives and may be maintained by his representatives or successors in interest. ...
(2) Actions brought under this section and 27-1-513 must be combined in one legal action, and any element of damages may be recovered only once.
The statute allows recovery by the decedent’s personal representative of decedent’s lost earnings from the time of injury to death; the present value of his reasonable earnings during his life expec *523 tancy; his medical and funeral expenses; reasonable compensation for his pain and suffering; and other special damages. Swanson v. Champion International Corp. (1982), 197 Mont. 509, 515, 646 P.2d 1166, 1169. We have consistently held that the estate’s right of recovery in a survivorship action is identical to that of the decedent’s had he lived. “No reason exists why the scope of the action should diminish because of his death.” Beeler v. Butte & London Copper Development Co. (1910), 41 Mont. 465, 478-79, 110 P. 528, 532; see also Swanson, 646 P.2d at 1169; Hurley v. Star Transfer Co. (1962), 141 Mont. 176, 184, 376 P.2d 504, 508; Autio v. Miller (1932), 92 Mont. 150, 169, 11 P.2d 1039, 1046.
The parties stipulated that Aric’s estate incurred funeral and medical expenses totaling $2,601.10. The parties also stipulated that at the time of his death, Aric was 19.45 years old and that he had a work life expectancy of 40.75 years. Appellant presented evidence that in the year before his death, Aric earned $3,239.08 at an Eastern Montana College computer lab. Appellant’s expert testified that Aric would have been expected to earn between $878,518 and $1,113,929 during his work life, depending on the type and amount of his education.
In Putnam, the personal representative of a college student killed in an automobile accident brought a survivorship action under § 93-2824, RCM, the predecessor of § 27-1-501, MCA. The plaintiff in Putnam offered expert testimony as to the decedent’s potential loss of future earnings; the decedent’s life expectancy; and testimony concerning the decedent’s employment history, education, and personal abilities. No evidence was submitted as to the amount of money the decedent earned at her employment. The jury returned a verdict of $449.95, the amount of the decedent’s personal property destroyed in the accident. The jury awarded nothing for the decedent’s loss of future earning capacity. The district court set aside the verdict and ordered a new trial limited to the issue of damages and held that there was insufficient evidence to support a verdict that the decedent had no future earning capacity. We affirmed and stated that the verdict was impossible, given the uncontradicted evidence which established an earning capacity at the time of death. We held that “there was no substantial evidence justifying the jury verdict awarding no damages for decedent’s loss of earning capacity.” Putnam, 457 P.2d at 780.
In the present case, the evidence offered by appellant to establish survivorship damages was either stipulated to or offered without contradiction. The jury did not have the choice whether to believe one *524 party’s evidence over the other. As a result, the jury’s verdict in the present case is as impossible as was the verdict in Putnam. There is no substantial evidence to justify the jury’s failure to award survivor-ship damages.
In Rudeck v. Wright (1985), 218 Mont. 41, 709 P.2d 621, Mr. Rudeck died after a ‘lap mat” was negligently left in his stomach during surgery. His wife filed two medical malpractice claims for wrongful death, and in her capacity as personal representative of her husband’s estate, for his survival claims. The jury returned a verdict awarding Mrs. Rudeck $75,000 on her wrongful death claim and zero on the estate’s survival claim. The district court granted Mrs. Rudeck’s motion for a new trial. The defendant appealed.
We affirmed and held that the jury’s verdict in awarding damages on the wrongful death claim, but no damages on the survival claim, was “totally inconsistent and contrary to the mandates of the law.” Rudeck, 709 P.2d at 624.
If Mr. Rudeck’s death was caused by the negligence of defendant Wright, then the earlier injury to Mr. Rudeck which culminated in his death must have been caused by the same negligence. If the same negligence ... caused the personal injury to the living Mr. Rudeck and that same negligence caused his later death, the jury would be compelled to award damages for Mr. Rudeck’s personal injury (which were sought in the survival claim on his behalf by the personal representative of his estate) as well as awarding damages on the wrongful death claim. Because the jury did not do so, its verdict is inconsistent and is against the law.
Rudeck, 709 P.2d at 624.
Aric Brockie’s death was caused in part by respondent’s negligence. The injuries to the living Aric Brockie were caused by the same negligent acts of respondent that resulted in Aric Brockie’s death. The jury, therefore, was compelled to award survivorship damages for Aric’s personal injuries. We conclude, as we did in Rudeck, that because the jury failed to award damages for Aric’s personal injuries caused by respondent’s negligence, its verdict is “totally inconsistent and contrary to the mandates of the law.” Rudeck, 709 P.2d at 624.
We hold that the jury’s special verdict finding zero survivorship damages to the estate of Aric Brockie was contrary to the evidence.

*525
ISSUE 2

Did the District Court err by denying appellant’s motion for a partial new trial on the issue of survivorship damages sustained by Aric Brockie’s estate?
Anew trial may be granted on grounds of insufficient evidence to justify the verdict. Section 25-11-102(6), MCA. Our standard of review of a ruling on a motion for a new trial is whether the district court abused its discretion. Estate of Spicher v. Miller (1993), 260 Mont. 504, 506, 861 P.2d 183, 184; Gass v. Hilson (1990), 240 Mont. 459, 461, 784 P.2d 931, 933. Under Rule 61, M.R.Civ.P., the trial court must determine whether a refusal to grant the motion for a new trial would appear inconsistent with substantial justice.
In Issue 1, we held that there was insufficient evidence to justify the jury’s verdict as to survivorship damages. By answering Issue 1 in the affirmative, we must necessarily answer Issue 2 in the affirmative pursuant to § 25-11-102(6), MCA, and our decisions in Putnam and Rudeck.
We hold the District Court erred by denying appellant’s motion for a new trial on the issue of the survivorship damages sustained by Aric Brockie’s estate. This matter is remanded to the District Court for a new trial on the issue of survivorship damages.
Appellant’s notice of subsequent authority pursuant to our decision in Newville asks us to apply Newville retroactively to the wrongful death award. In that case, we concluded that the allocation of percentage of liability to non-parties violates substantive due process. We held that the relevant portion of § 27-1-703(4), MCA, is unconstitutional. When a statute is declared unconstitutional, it is void ab initio. State v. Coleman (1979), 185 Mont. 299, 319, 605 P.2d 1000, 1013.
Respondent argues that Newville should not be applied retroactively. Respondent concedes that the general rule regarding “change of law” is that this Court must apply the law that is in effect at the time it renders its decision. Lee v. Flathead County (1985), 217 Mont. 370, 704 P.2d 1060. Respondent asserts that the changed law should not be applied when it is necessary to prevent manifest injustice. See West-Mont Community Care v. Board of Health and Educational Sciences (1985), 217 Mont. 178, 703 P.2d 850. Respondent argues that application of the statute as amended would result in manifest injustice because respondent relied on the pre-Newville statute and did not name the driver as the third-party defendant. Had the trial *526 taken place under the law after Newville, respondent maintains it would have protected its rights to indemnity and contribution from the driver by naming him as a third-party defendant.
Alternatively, respondent argues that in cases where new law has been applied retroactively, this Court has allowed the prejudiced party a new trial and the opportunity to amend the pleadings. Haines Pipeline v. MPC (1991), 251 Mont. 422, 830 P.2d 1230.
Both parties relied on pre-Newville law when presenting their cases at trial. The general rule is that a change of law between the law applied at trial and the time of appeal req[uires this Court to apply the changed law. Haines, 830 P.2d 1230; Lee, 704 P.2d 1060; West-Mont, 703 P.2d 850; Wilson v. State Highway Commission (1962), 140 Mont. 253, 370 P.2d 486.
An exception to the general rule, is that the new law will not be applied when it is necessary to prevent manifest injustice. Haines, 830 P.2d at 1238. This Court has defined manifest injustice as an application of a new law that impairs a vested right. West-Mont, 703 P.2d at 852. “A judgment is not a vested right while it is subject to review or while an appeal is pending.” Haines, 830 P.2d at 1238.
Because this case is still on appeal, respondent has no vested right in the pre-Newville application of § 27-1-703(4), MCA.
The jury found respondent 35 percent negligent, and the non-party driver 65 percent negligent, in causing Aric’s injuries and death. The jury awarded appellant $170,000 in wrongful death damages, and the court adjusted that amount to $59,000 to reflect the jury’s allocation of negligence.
On remand, the District Court will reinstate the full amount of the wrongful death award pursuant to our decision in Newville. That amount will be offset dollar-for-dollar by the pretrial settlement with the non-party driver.
We reverse the jury verdict finding zero survivorship damages and remand for a new trial limited to the issue of survivorship damages.
JUSTICES HARRISON, TRIEWEILER and NELSON concur.